## ILLINOIS BELL TELEPHONE CO. v. SMITH et al.

### No. 3746.

District Court, N. D. Illinois, E. D.
July 1, 1927.

Charles S. Cutting, of Chicago, Ill., Phillip Barton Warren, of Springfield, Ill., and William D. Bangs and Horace Kent Tenney, both of Chicago, Ill., for plaintiff.

Oscar E. Carlstrom, Atty. Gen., of Illinois, for defendant.

Samuel Ettelson, Simon Herr, Benjamin F. Goldstein, Edmund D. Adcock, and George I. Haight, all of Chicago, Ill., for intervenor City of Chicago.

Before EVANS and PAGE, Circuit Judges, and WILKERSON, District Judge.

PER CURIAM.

Plaintiff has moved for a permanent injunction on the pleadings. This is on the assumption that the record affirmatively discloses a prejudicial error made by the Illinois commerce commission and which error appears in finding nine of the commission's order of August 16, 1923. Upon the assumption of this error, plaintiff argues that the order must be enjoined regardless of whether the rate fixed is just or not. In support of this contention, it cites and relies upon Wichita Railroad & Light Co. v. Public Utilities Commission of State of Kansas et al., 260 U. S. 48, 43 S. Ct. 51, 55, 67 L. Ed. 124.

In that case, the court held the order of the commission to be void because it did not contain a finding of fact, necessary under the Kansas statute to the validity of the order. It seems to us that the force of the entire decision is summed up in the single sentence, "When, therefore, such an administrative agency is required as a condition precedent to an order, to make a finding of facts, the validity of the order must rest upon the needed finding. If it is lacking, the order is ineffective."

Our case is entirely different. The Illinois commerce commission heard the evidence and made findings. It is the contention of plaintiffs that it can, and has, demonstrated that the commission erred. But did its error result in a confiscatory rate? That is the question. Plaintiff's bill recites facts which indicate, and the allegation is directly made, that such rates are confiscatory. The answer denies the charge. Defendants, in their ninth paragraph, say:

"This defendant denies that the rates and charges prescribed by the order of the Illinois Commerce Commission will not afford the plaintiff a fair return upon the fair value at the time of use of its property used or useful in and exclusively devoted to intrastate telephone service in the City of Chicago and denies that such rates and charges are confiscatory and denies that they are not fair and reasonable rates. This defendant further denies, on information and belief, that said rates and charges, if permitted to become effective, will reduce the amount available for the return of the plaintiff by not less than the sum of $1,700,000 per annum, and in this connection this defendant says that it is impossible to predict in advance that for any length of time, if at all, the revenues of plaintiff will be reduced if said order of the Commission is allowed to become effective; that it is to be expected that if the rates for the four classes of service covered by said order, are permitted to go into effect, the telephone subscribers enjoying said classes of service will increase their use thereof and that this increased use will produce for the plaintiff a revenue nearly, if not equal, to that at present enjoyed by it from those classes of telephone users. And this defendant further answering denies that said rates and charges, if enforced, will deprive plaintiff of its property without due process of law, or will deny to plaintiff the equal protection of the laws in violation of its rights under the Fourteenth Amendment of the Constitution of the United States."

In other ways and places defendants deny material facts alleged in the plaintiff's bill.

■ Plaintiff very clearly and concisely stated its position thus:

"We contend that if an order of the commission is void for want of a required finding, or if the facts found by the commission in its order show conclusively and affirmatively that the order is void, as a matter of law the order must be enjoined."

Accepting for the purpose of this argument the correctness of this position, controversy immediately arises as to its application.

Obviously there is no "want of a required finding," and this ground of attack upon the order can be definitely and promptly eliminated. We must therefore direct our attention to the query, do the facts found by the commission in its order show conclusively and affirmatively that the order is void as a matter of law? The answer to this query necessitates an examination of the findings and finding sixteen is herewith set forth verbatim.

"(16) That the rates as hereinafter authorized will return sufficient revenue during the ensuing year to permit the Illinois Bell Telephone Company to earn a revenue sufficient to meet the findings made herein-above as to operating expenses, maintenance and replacements reserve and pay a return of 7½ per cent. upon the rate base as hereinabove found, and that, therefore, the rates hereinafter authorized are the just and reasonable rates for telephone service in the City of Chicago and should remain in effect until the further order of the Commission."

Likewise paragraph 3 of the order is quoted in full:

"(3) That the Chicago division of the Illinois Bell Telephone Company shall file with the Commission monthly accounting reports on the same form as heretofore filed, setting forth the information thereon required and that such reports shall be filed within thirty (30) days of the close of each month beginning with the first month subsequent to the date of rates herein authorized.

"The Commission especially retains jurisdiction of this cause for the purpose of making further inquiry, upon application, as to the sufficiency or insufficiency of the rates authorized herein and for the further purpose of modifying the said rates should the evidence adduced in any future investigation of the relations between the Illinois Bell Telephone Company and the American Telephone and Telegraph Company and the Western Electric Company require such modification."

Does it necessarily follow that, because one item entering into the valuation is arrived at by an erroneous method, the rate fixed in the order is erroneous and void? We think not. In the first place, the item may be relatively small and a reasonable return on the difference accounted for by the error, a negligible factor. Moreover, the return may be so high that a court of equity will allow for an increase in the valuation without declaring the rate to be confiscatory.

To illustrate, let us assume the commission found the value of the utility to be $1,000,000 when it should have been fixed at $1,100,000. Assume further that the commission fixed a rate that would produce 12 per cent. on $1,000,000 or 11 per cent. on $1,100,000. No court of equity would declare the rate confiscatory notwithstanding an error in the valuation. Or assume, as in the first case, that the valuation should have been $1,000,000, whereas the commission left out a small item like "cash necessary for daily use." The commission fixed a rate that would produce a return of 7½ per cent. Notwithstanding the error in valuation, the rate would not be enjoined.

When this matter was before the court upon plaintiff's application for a temporary injunction, the court in its injunctional order expressly recognized the existence of a controversy. In this order the court said:

"Now after considering the pleadings in the cause and the affidavits submitted on behalf of the Plaintiff and the affidavits submitted on behalf of the Defendants, and said affidavits being conflicting, and the court being of the opinion from all the facts before the court that the preliminary injunction should issue because the rates are confiscatory, and that the whole matter should go to a final hearing upon the merits upon evidence to be adduced before the court and not merely upon affidavits; that it is therefore best to have the matter disposed of at the final hearing of the cause upon the merits, and the court being prepared to set the case down for immediate trial and it appearing that final disposition of the suit on its merits made within a few weeks, and that, pending such final hearing, a preliminary injunction should be granted, etc."

The court at that time, when it had heard counsel at length, was convinced that certain issues of fact could not well be disposed of except upon a hearing where cross-examinations of the witnesses would tend to a more accurate ascertainment of the facts. Refer-

ence is made to a certain per cent. of the gross revenue paid by the local company to a parent company as royalty. The correctness of this item was challenged, and its correct determination raises a fact issue upon which either party may present evidence. This is only one of several items in dispute.

The present case permits of the application of no exception to the general rule governing the disposition of cases upon pleadings. Judgment on the pleadings will not be entered where there is a controversy over material facts upon which the judgment is predicated.

Here the controversy is over an alleged confiscatory rate. It is not a suit to determine the value of the company's property. Value is unquestionably a factor upon which rates are determined, but it is only one of many factors. Allowance for operating cost, depreciation, sums paid the parent company for royalties on patents are all important factors in the present case in the determination of reasonable rates.

It is true plaintiff asserts that the rates which are fixed in the commissioner's order are confiscatory. Defendants deny the allegation. The issue is not whether the commission made some error in receiving or rejecting evidence, in applying or misapplying a rule of law at some step in the proceeding. Rather it is a question of prejudicial error—whether in its final conclusion (the determination of the rate) plaintiff's property rights were invaded in violation of its guaranty under the Constitution.

In a word, are the rates which the commission fixed confiscatory? This is an issue of fact upon which both parties can be heard. The city, too, may be heard on this issue, and is not bound by the reasoning and conclusions of the commission any more than the utility is bound by a decision where the rate fixed by the commission is satisfactory to the utility but unsatisfactory to the user.

The motion for judgment on the pleadings is denied.