JESSE WALLACE v. R. E. BLAND AND WIFE, LOUISA BLAND.

(Filed 26 October, 1927.)

**1. Mortgages—Descriptions—Vagueness—Judgments—Foreclosure.**

Where the defense to an action to foreclose a mortgage is that the mortgage is void for vagueness of description of the lands therein conveyed as security for the note therein specified, and reference is made to a suit pending in the court and county that will definitely locate the *locus in quo,* and the location of the lands by the terms of the mortgage is to be surveyed and set aside from a larger tract of definite description, and the said action has been finally decided and thereby the description of the mortgaged lands can be definitely ascertained, and this action is specifically referred to in the pleadings in the present action: *Held,* the mortgage is not invalid upon the grounds set up in defense, but enforceable, and a foreclosure sale according to its provisions is properly decreed.

**2. Same—Res Judicata—Estoppel.**

Where the sufficiency of the description of lands conveyed by mortgage is made to depend upon a division thereof among tenants in common in adversary proceedings which have terminated by final judgment for a division of the lands, and the question of the sufficiency of the description has been affirmatively determined by one judge holding the term of court, excepted to and appealed from but the appeal not perfected, and the succeeding judge has also determined the sufficiency of the description: *Held,* the matter is not *res adjudicata,* or concluded by the former judgment.

**3. Same—Deeds and Conveyances—Contracts—Parol Agreement—Pleadings—Issues—Betterments.**

Where the defendant mortgagors resist the foreclosure of a mortgage on their lands for invalidity on the grounds of vagueness of description of the lands so conveyed, and set up the further defense resting upon an agreement made by the parties involving claim for betterments, to which the statute of frauds is pleaded, nothing else appearing, no new issuable matters are raised, and it appearing that the mortgage was not void, the plaintiff in foreclosure is entitled to his relief.

APPEAL by defendants from *Sinclair, J.,* at February Term, 1927, of LENOIR. Affirmed.

Action to foreclose mortgage. From judgment on the pleadings defendants appealed to the Supreme Court.

*Cowper, Whitaker & Allen for plaintiff.*
*Rouse & Rouse for defendants.*

CONNOR, J. In their answer defendants admit the execution of the notes and mortgage, as alleged in the complaint. The notes are payable to plaintiff, and were executed by defendants in part payment of the purchase price of the land described in the mortgage, which was conveyed contemporaneously with the execution of the mortgage to defendants by plaintiff and his wife.

In defense of plaintiff's right to recover in this action, defendants allege in their answer that the description of the land contained in the mortgage is defective, and that therefore no land is conveyed thereby. The description as set out in the complaint is as follows: "A certain tract of land situate in Lenoir County, North Carolina, and more particularly bounded and described as follows: A certain portion of the Jesse Wallace tract of land containing 41 acres, which said 41 acres lies parallel with the northern boundary of the Louisa Bland tract of land. The northern boundary of said 41-acre tract lies between the old Grafton road and Neuse River. The said 41 acres is a portion of a certain tract of land deeded by Rebecca Depree to Jesse and Lizzie Wallace, dated 10 March, 1913, and recorded in Book 45, page 52, in the office of the register of deeds of Lenoir County.

"The above 41-acre tract is to be surveyed and cut off from the Jesse Wallace tract of land and is to be surveyed after the final settlement of a suit now pending in Lenoir County, entitled 'Jesse Wallace and wife and R. E. Bland and wife v. Q. A. Faulkner and wife.'"

The entire record in a special proceeding entitled "Jesse Wallace and wife and R. E. Bland and wife v. Q. A. Faulkner," lately pending in the Superior Court of Lenoir County, is specifically referred to and made a part of the pleadings. It appears that said proceeding has been finally settled and that the controversy with respect to the true dividing line involved in said proceedings has been determined (see *Bland et al. v. Faulkner, post,* 427, decided on appeal of plaintiffs therein, R. E. Bland and wife). There is no error in the opinion of Judge Sinclair that the description contained in the mortgage is not defective, and that the mortgage is not void because of defective description of the land conveyed thereby, as alleged by defendants. *Timber Co. v. Yarbrough,* 179 N. C., 335, and cases cited.

This contention was presented at November Term, 1924, of the Superior Court of Lenoir County by defendants, who then demurred *ore tenus* to the complaint; this demurrer was overruled by Judge Daniels, then presiding in said court, who, however, continued the motion of the plaintiff for judgment upon the pleadings until final settlement of the special proceeding, then pending, entitled "Bland *et al.* v. Faulkner." Defendants excepted to the judgment overruling their demurrer, but did not appeal therefrom. As both Judge Daniels and Judge Sinclair held that the description of the land contained in the mortgage was not defective, and that the mortgage was not void for that reason, as contended by defendants, it is not necessary to discuss or to decide plaintiff's contention that defendants were bound at the hearing before Judge Sinclair by the judgment of Judge Daniels, and that defendants' defense based upon their allegation that the mortgage was void for uncertainty of the description was *res adjudicata.* The question is discussed and the decisions of this Court reviewed by *Walker, J.,* in *Headman v. Comrs.,* 177 N. C., 261.

As a further defense to plaintiff's cause of action, set out in the complaint, defendants in their answer allege that after the execution of the deed, and of the notes and mortgage "it was covenanted and agreed between the plaintiff and the defendants and Q. A. Faulkner and wife that the lands involved in the suit referred to in the third paragraph of the complaint *(i. e.,* Bland *et al.* v. Faulkner), and forming a part of the attempted description of the lands embraced in the deed and mortgage referred to, should be sold for partition between the tenants in common therein interested in said suit pending in the Superior Court of Lenoir County, and that out of the proceeds of the sale of said lands the defendants should be reimbursed the amount and value of the improvements which had been placed thereon by defendants, which improvements defendants allege amount to $. . . . . . . . , and that the balance of the purchase money after deducting said improvements should be divided between the three tenants in common.

And the defendants further allege that by virtue of said contract and agreement so entered into between defendants and the plaintiff and his wife, to which Q. A. Faulkner and wife were parties, the said alleged indebtedness represented by the notes referred to in the second paragraph of the complaint, became thenceforth of no further force and of no binding effect upon the defendants, and that the said notes have no legal or binding effect upon the defendants, and the defendants are entitled to have the said notes and alleged mortgage surrendered up to them and marked "Satisfied, and the alleged mortgage canceled of record."

BENEVOLENT ASSOCIATION *v.* NEAL.

In his reply to defendants' answer, plaintiff denies that he entered into any agreement with defendants and Q. A. Faulkner with respect to the sale of the land which was the subject-matter of the special proceeding, as alleged in the answer, and further alleges "that any agreement entered into with reference to said land must have been in writing and signed by the parties to be charged therewith in accordance with the Statute of Frauds, and he now denies that any such written agreement˝ exists or was ever made, and now pleads the Statute of Frauds in bar of defendants' attempt to set up any such agreement as is set out in their answer filed herein." Defendants filed no further pleadings, alleging that the agreement with respect to the sale of land involved in the special proceeding for partition was in writing.

The court was of opinion that defendants have not set up in their answer to the complaint any defense involving issuable facts which must be determined by a jury, and therefore rendered judgment upon the pleadings in favor of plaintiff and against defendants. In this opinion we concur. It appears from the pleadings that an actual partition of the land which, according to the alleged agreement was to be sold for division, has been made and confirmed. (See *Bland et al. v. Faulkner, post,* 427.) No sale could now be made in accordance with the alleged agreement. Defendants' purchase-money notes for the land conveyed by the mortgage have not been paid; according to their tenor default has been made, and the plaintiff is entitled to judgment on the notes and a decree of foreclosure of the mortgage. The judgment is

Affirmed.