## ATIA SALES CORPORATION v. HOWARD et al.

Circuit Court of Appeals, Second Circuit. June 3, 1929.

No. 343.

W. P. Preble, of New York City, for appellant.

Emery, Booth, Varney & Whittemore, of New York City (Lucius E. Varney, Manvel Whittemore, and William R. Glisson, all of New York City, of counsel), for appellees.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

MANTON, Circuit Judge. This appeal is from a dismissal of a bill for patent infringement, and was granted before answer was filed, because, as amended, it did not set forth a cause of action. No evidence or affidavit was offered, but the court below considered the merits of the suit, upon the patent, a stipulation as to acts of infringement, some photographs, and advertising sheets. No prior art was offered or considered. ▮ The invention is for a self-loading

truck and the validity of the patent is not attacked. The patent is entitled to a liberal interpretation in considering the range of equivalents to be allowed. Rockwood v. General Fire Extinguisher Co. (C. C. A.) 8 F.(2d) 682, Line Material Co. v. Brady Electric Mfg. Co. (C. C. A.) 7 F.(2d) 48. Only one claim is in issue, which reads:

"A self-loading vehicle having a chassis, a power shaft therein, a cargo body tiltably mounted on the chassis, a loader on the body, mechanism for driving the loader from said power shaft comprising cooperative separable driving and driven members connected respectively with said shaft and with the tiltable body, and means for separating and reconnecting said members when the tiltable body is in normal position."

It is argued by the appellee that this claim does not read on its apparatus. It concedes having (a) a self-loading vehicle having a chassis; (b) a power shaft therein; (c) a cargo body tiltably mounted on the chassis; (d) a loader on the body; (e) mechanism for driving the loader from said power shaft—but denies that, by its mechanism, it has as a part "cooperative separable driving and driven members connected respectively with said shaft and with the tiltable body and means for separating and reconnecting said members when the tiltable body is in normal position." The argument proceeds that the appellant's separable driving member is a clutch which is connected with the shaft on the chassis by the vertical shaft, the bevel gears, and related parts, and that, when the claim speaks of driving members being connected with the power shaft on the chassis, it cannot embrace any parts surmounted on the body within the claim; that the essence of the claim is the provision of parts on the chassis and body which will separate when the body is tilted; also that the separable driving member is the upper clutch part which is connected with or more properly mounted on the tiltable body. This driven member, it is said, is not connected with the body in the sense that two mechanical equivalents in a power train are connected; if the claim is to be read on the patent drawings connected with the body, it must mean mounted upon the body. Moreover, that the means for separating and reconnecting said members when the tiltable body is in normal position is represented by the yoke lever connected with the driving member and the hand control rod. It is said, this means for separating is additional to the provision made for the separation of the driving and driven members, which must neces-

sarily take place when the body is tilted; that this claim imposed a clear distinction between two kinds of separation, one being a complete disassociation to enable the body to be raised, and the other being the inner disengagement of the parts without any corresponding movement of the body. But "mechanism for driving the loader from said power shaft," as referred to in the claims in suit, is clearly seen in appellees' apparatus. Its mechanism is in the form of sprocket chains, sprocket wheels, gear wheels, and cables. The comprising co-operative separable driving and driven members are shown in the patent in suit by the upper half of the clutch and the lower half of the clutch—a driving member. The appellees' has the same two parts of a clutch of which the structure is clearly shown in the photographs submitted, the upper being the driven and the lower the driving member. In the patent in suit, the "connected respectively with said shaft and with said tiltable body" is shown by the member *38* which is connected with the upper shaft and the driven member with the body. The appellees' has practically the same construction as shown in photograph 8. "The means for separating and reconnecting said members," shown by the spring, yoke lever, and link, and the handle in the appellant's patent, has its equivalent in practically the same means of the appellees'—as shown in photograph 8—the yoke lever and the link is plain. When the tiltable body is in normal position, the operation of the self-loading vehicle is clear. It is illustrated when the clutch separates and when it reconnects. The appellees' apparatus has the same kind of operation. The clutch in both vehicles is thrown in and out in exactly the same condition and as the same occasion requires. The separability argued for by the appellees is unimportant in this suit on claim 1 only.

Equity rule 29, abolishing pleas and demurrers, permits every defense in point of law arising upon the face of the bill, whether for misjoinder, nonjoinder, or insufficiency of fact to constitute a valid cause of action in equity, to be raised by motion to dismiss or in the answer. Thus the motion to dismiss took the place of a demurrer. While the parties have done more here by reason of the stipulation and the photographs submitted to the court below on the question of infringement, we think it has been demonstrated, that giving the appellant the range of equivalents to which it is entitled, infringement is established. If invalidity were argued by the appellees, a new trial might be

had. Dubilier Condenser Corp. v. N. Y. Coil Co. (C. C. A.) 20 F.(2d) 723. If validity is conceded, in the absence of prior art which might limit the scope of the invention, we think infringement has been established.

The decree is reversed, with leave, however, to the appellees to file an answer within 10 days, if so advised; the case then to proceed to final hearing.