In re 235 WEST 46TH STREET CO., Inc.

CHASE NAT. BANK OF CITY OF NEW YORK v. 235 WEST 46TH STREET CO., Inc., et al.

No. 238.

Circuit Court of Appeals, Second Circuit.

Jan. 7, 1935.

Milbank, Tweed, Hope & Webb, of New York City (Harrison Tweed, Richard H. McCann, and Charles J. Little, all of New York City, of counsel), for appellant.

Cohen & Jarcho, of New York City, for appellee debtor.

Bloom & Scherl, of New York City, for appellees creditors.

Buhler, King & Miller, of New York City (John Goodrum Miller, of New York City, of counsel), for appellee Art Metal Construction Co., Inc.

Louis Urbach, of New York City, for a group of unsecured creditors appellees.

Before MANTON, L. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

Proceedings for reorganization were brought by the 235 West 46th Street Company, Inc., a corporation, as a debtor, under section 77B of the Bankruptcy Act (48 Stat. 911), 11 USCA § 207, after mortgage foreclosure had been commenced by the first mortgagee, on property known as the Paramount Hotel, New York City. A receiver of the rents, issues, and profits, pursuant to the terms of the mortgage now in foreclosure, was appointed by the state court. When the debtor applied for the appointment of the trustee, appointed by the court below, the appellant opposed the application, denying that there was any equity above the first mortgage in this, the sole property of the debtor. The petition of the debtor of August 29, 1934, was approved August 31, 1934, as properly filed. A number of adjournments were had, and, in all, four plans of reorganization were submitted, none of which met with the approval of the court.

The order appointing the trustee, dated November 13, 1934, stayed the foreclosure action pending in the state court. On November 14, 1934, an order was entered which disapproved the plans of reorganization theretofore submitted, but permitted the filing of additional plans "at any time." It denied appellant's motion to dismiss the entire proceedings.

The first mortgage on the property is for $2,376,000; the entire amount of which is due by reason of defaults. Arrears of interest for four years, amounting to $581,680.97, and taxes and water charges, with penalties, in the amount of $112,332.75, are due, of which approximately $100,000 are carrying a penalty. There is a second mortgage of $350,000 and a third mortgage of $1,615,501.61, given to creditors by the debtor in composition of a previous bankruptcy proceeding. There is another unrecorded mortgage of $150,000. The hotel opened in the latter part of 1928, and its owner became a bankrupt in May, 1929. It has failed to earn the amount of the annual taxes and interest on the first mortgage. The assessed valuation of the property is now $1,750,000, but an appraisal, made in 1928, gave the property a valuation of $5,170,000.

The lien creditors after the first mortgage, as well as the general creditors, have opposed the dismissal of the proceedings under section 77B, contending that they think it practical and feasible to submit a plan by which they, as creditors, will share in the equity of the property. They say it has a good will and conducts a restaurant business in the premises, both of which may have some value not covered by the mortgage.

It was the purpose of section 77B of the Bankruptcy Act to protect creditors and the debtor's equity in its property against possible injury traceable to frozen asset problems. If the owners of such interests are to be protected, it becomes their duty to formulate some plan which would result in the maximum safety and security for lienors and creditors of the debtor. A plan should be forthcoming with reasonable promptness; otherwise the debtor does not bring its case within the section. This debtor has formulated four plans of reorganization none of which have met with the approval of the creditors or the court. We think that in so doing they have exercised expedition and have proceeded with diligence. But a time limit must be fixed where there has been an extended period of time in which to submit plans. In re Chicago, Rock Island & Pacific Ry. Co., 72 F.(2d) 443 (C. C. A. 7). While it is represented that another plan can be proposed as to this property, no modifications of the other plans are suggested, nor is it pointed out that the difficulties which were encountered in the four plans already submitted can be overcome. The difficulty would seem to be that the first lien on this property, and the arrears of interest and taxes, leave no equity. The hotel and restaurant business has been unprofitable. It appears that the trustee now named managed the property for three years and three months while the first mortgage was in default of interest and taxes, and under his management the property consistently failed to pay taxes and interest on the first mortgage to the extent of $330,000. Full opportunity has been allowed for the submission of plans. The extraordinary powers possible to utilize under section 77B have not been of assistance to appellees. We are not warranted in believing that there is a reasonable prospect for a reorganization beneficial to all. To grant more time, there must be a showing that there is a fair opportunity to sustain the appellee's claim that the corporation can be reorganized for the benefit of all. We think the liberal powers conferred by the sec-

702

tion and their exercise in enjoining foreclosure of the first mortgage should no longer stay the appellants. It would be an abuse of the powers granted by section 77B, under the circumstances found in this case, to further stay the appellants in the hope that eventually some other plan of reorganization might be proposed. All junior creditors and the stockholders have had abundant opportunity and have failed satisfactorily to establish that a plan of reorganization of this corporatoin can be effectuated.

The orders are reversed, with instructions to dismiss the petition.