COMMONWEALTH INVESTMENT COMPANY, A NEW JERSEY CORPORATION, PLAINTIFF-APPELLANT, v. GUARANTEE TRUST COMPANY, A NEW JERSEY CORPORATION, DEFENDANT-APPELLEE.

Argued October 26, 1934—Decided January 10, 1935.

For the plaintiff-appellant, *Irving I. Jacobs.*

For the defendant-appellee, *Cole & Cole.*

The opinion of the court was delivered by

Bodine, J. The plaintiff sued upon a certificate of deposit. The defendant pleaded as a defense chapters 27, 66 and 116 of *Pamph. L.* 1933, *pp.* 43, 125, 241, respectively, and the acts of the defendant and the commissioner of banking taken pursuant thereto. The statutes, it is said, not only postponed payment but also altered the form of defendant's obligation to its depositors and were, therefore, uncon-

stitutional. The plaintiff's motion to strike the answer was denied. The plaintiff, however, did not then bring the case to issue, but caused its complaint to be struck as disclosing no cause of action. The complaint was sufficient. The determination by the trial judge that the answer was sufficient might have been dispositive of the whole issue and final judgment could then have been given upon the pleadings had the plaintiff not caused its complaint to be struck as disclosing no cause of action. Rule 26 of the Practice act, 1912. Without a complaint a judgment in favor of the defendant was inevitable. Since the plaintiff caused its complaint to be struck as disclosing no cause of action, it cannot now assign trial error in the doing of this. We know of no way in which we can, in order to review court action, reinstate a stricken complaint and enter a judgment on the entire pleadings. This the trial court should have done, if it so intended.

It is elementary that a judgment upon the pleadings to be reviewable must be predicated upon an action which was pending and not withdrawn. At the oral argument we were urged to take the case because it was intended by plaintiff's counsel and the trial court that such disposition be made. If so, the pleadings should have been preserved for our review. The record is the basis for action and since the plaintiff caused the only pleading, upon which it was entitled to judgment, to be struck, that is the end of the matter.

The appeal will be dismissed, with costs.

*For dismissal*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.