**MANATI SUGAR CO. v. MOCK et al.**
**(JAY et al., Interveners).**
**No. 252.**

Circuit Court of Appeals, Second Circuit.
Feb. 11, 1935.

Samuel Zinman, of New York City (Samuel Zinman and Nathan B. Bernstein, both of New York City, of counsel), for appellants.

Ehrich, Royall, Wheeler & Walter, of New York City (Ralph Royall and Archibald H. Cashion, both of New York City, of counsel), for Manati Sugar Co.

Sullivan & Cromwell, of New York City (Inzer B. Wyatt, of New York City, of counsel), for interveners-respondents John C. Jay and others, as committee under bondholders' protective agreement, dated September 30, 1931, for first mortgage twenty-year 7½ per cent. sinking fund gold bonds of debtor-respondent Manati Sugar Co.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

MANTON, Circuit Judge.

A receiver in equity was appointed for the debtor, and he is now in possession of its property. The petition filed alleges that the appellants "propose * * * a reorganization" of the debtor. The petitioners are the holders of $14,000 principal amount of first mortgage twenty-year 7½ per cent. sinking fund gold bonds of the debtor out of a total of $5,500,900 principal amount of such bonds outstanding. They allege in their petition that the debtor is unable to meet its debts as they are maturing and have already matured; that a receiver in equity was appointed; that "your petitioners propose that said debtor shall effect a reorganization pursuant to section 77B of an Act entitled: 'An Act to Establish a Uniform System of Bankruptcy throughout the United States,' approved July 1, 1898, and Acts amendatory thereof and supplemental thereto (hereafter referred to as the Bankruptcy Act)." They allege that the debtor has not filed a petition or answer under section 77B of the Bankruptcy Act (11 USCA § 207), and pray relief that an order be entered approving this petition as properly filed under

section 77B, and that trustees of the estate of the debtor be appointed.

The statute (section 77B, 48 Stat. 911, 912, c. 424 [11 USCA § 207]) authorizes any corporation, which may become a bankrupt under section 4 of the act, to file an original petition, "stating the requisite jurisdictional facts under this section; the nature of the business of the debtor; in brief description, the assets, liabilities, capital stock, and financial condition of the debtor; if a prior proceeding is pending, the name of the court in which it is pending and the nature of such proceeding; facts showing the need for relief under this section; and that the corporation is insolvent or unable to meet its debts as they mature and that it desires to effect a plan of reorganization. * * * Three or more creditors who have provable claims against any corporation which amount in the aggregate, in excess of the value of securities held by them, if any, to $1,000 or over may, if such corporation has not filed a petition or answer under this section, file with the court in which such corporation might file a petition under this section, a petition stating that such corporation is insolvent or unable to meet its debts as they mature and, if a prior proceeding in bankruptcy or equity receivership is not pending, that it has committed an act of bankruptcy within four months, that such creditors propose that it shall effect a reorganization; and such corporation shall, within ten days * * * answer such petition."

■ The petition, like every petition in bankruptcy, should set forth the essential facts constituting the right to proceed in bankruptcy. In re Fuller, 15 F.(2d) 294 (C. C. A. 2); In re Morosco Holding Co. (D. C.) 296 F. 516. In addition to setting forth the jurisdictional requirements in the petition, there must be contained therein facts sufficient to satisfy the equitable obligations of good faith required by the statute, for the statute requires that the petition be filed in good faith. Whether the petition is filed by the debtor or, as here, by its creditors, the law requires the court to be satisfied that the petition has been filed in good faith. The court may be satisfied that the petition is filed in good faith in the absence of offer of proof to the contrary. But, in any case, the debtor or the creditors filing the petition have the burden of establishing good faith. In re South Coast Co. (D. C.) 8 F. Supp. 43; In re Philadelphia R. T. Co. (D. C.) 8 F. Supp. 51, affirmed November 19, 1934, 73 F.(2d) 1022 (C. C. A. 3).

■ This petition does not set forth the present status of the corporation's affairs, its assets, its liabilities, or its equities above its first or other lien incumbrances, nor is a plan of reorganization set forth, nor a promise that one may be forthcoming. To conclude that a petition is filed in good faith, there should be a showing, found within it, of a need for a reorganization. The good-faith provision of the statute is not satisfied merely by honesty and good intentions. There must be a showing that the petitioners have a basis for expecting that a reorganization can be effected. Where the object is reorganization, rather than liquidation, the petitioner should furnish some assurance, by allegations at least, that they reasonably expect a fairly general support for their proposed plan or promised plan. Otherwise there would be little to be expected in the undertaking of assuming responsibility for a reorganization.

On the other hand, the honesty and integrity of the petition may not be questioned by the mere fact that petitioners' claims represent a small percentage of the claims against the debtor, if the aggregate of the claims is sufficient to come within the statutory requirements that Congress has determined to be sufficient to invoke relief under the act. The courts may not adopt any other test. But it must appear that there is reasonable probability that a reorganization will be effected. In other words, the question presented is whether there may be reasonably applied to the debtor some feasible and practicable plan of reorganization. If not, there is no occasion to invoke the benefits of the act.

We do not mean to say that the petitioners cannot be heard unless they have a reorganization plan fully worked out and ready for immediate consideration, but it is essential sufficiently to show that one may be forthcoming. See In Matter of 235 West 46th St. Co., Inc., 74 F.(2d) 700, decided January 7, 1935 (C. C. A. 2).

■ The answers filed by the debtors and interveners, on the other hand, allege that no benefit will result to any one from proceedings under section 77B, and such are the facts which are indicative of the impossibility of reorganization of the debtor. As set forth, the debtor produces sugar cane and manufactures raw sugar in Cuba. Its property consists chiefly of sugar plantations and a sugar mill, with administration offices and residential buildings, electric light plant, water supply system, and sewer-

age in the town of Manati, Cuba. It also has warehouses, boats, a shipyard, and a molasses tank. All of it's property is subject to a mortgage securing first mortgage bonds of $5,500,900. There was a mortgage moratorium declared in Cuba on April 30, 1933, and no foreclosure proceedings may be instituted until July 1, 1935, and then only upon certain conditions. A receiver in equity was appointed February 9, 1932, and it has continued the business under the authority of the court, arranging for the necessary credit to do so. The interveners are a committee for the protection of holders of bonds, organized September 30, 1931. There has been default in the interest as well as principal. The debtor is without working capital, and is dependent upon bank loans. The price of sugar has been so low as to barely cover the cost of production, and it is alleged that the entire sugar industry is in a disorganized condition. Under these circumstances, the answers allege that no reorganization of the debtor at this time is possible. The District Judge said that he was not satisfied that the petition complied with section 77B and was not filed in good faith as that term is used in the section.

We think the petition was insufficient to comply with the requirements of this section and that it was properly dismissed.

**Order affirmed.**