**In re WISUN & GOLUB, Inc.**
**No. 440.**

Circuit Court of Appeals, Second Circuit.
June 15, 1936.

Mattuck & Mattuck, of New York City, for appellants.

Sydney D. Robins, of New York City (Jacob Goodman, of New York City, of counsel), for appellee.

Before MANTON, L. HAND, and AUGUSTUS N. HAND, Circuit Judges.

MANTON, Circuit Judge.

The debtor, a New York corporation, on May 29, 1935, prepared for filing a petition under section 77B of the Bankruptcy Act (11 U.S.C.A. § 207) for a reorganization. It was ready for submission to the clerk of the District Court for filing together with the filing fee, but an attorney for a number of the creditors urged that they preferred an assignment for their benefit, and accordingly the petition was not filed and an assignment of all the debtor's assets was made to the New York Credit Men's Association. This assignment recites that it is made for the purpose of liquidating the business and paying off the creditors, and provides that only after full payment shall the residue be returned to

the debtor. Despite this provision, it is averred that the creditors and the debtor attempted to work out a reorganization under the New York insolvency laws and a number of creditors consented to the proposal of a creditors committee that the debtor pay off 30 per cent. of its debts in cash, 20 per cent. in notes indorsed by a person acceptable to the creditors, and 50 per cent. in notes indorsed by the two officers and stockholders. At least three creditors, representing $4,500 in debts, objected and filed a petition, on July 9, 1935, for an order adjudging the corporation to be in bankruptcy.

The debtor filed an answer to the petition praying for reorganization under section 77B and avowing its intention to file a plan under the provisions of that section. The petitioning creditors objected, contending that their petition for an adjudication of bankruptcy should be approved, alleging that the debtor had not filed its petition under section 77B in good faith, that it had obtained property or credit by intentionally making a material false financial statement, and that it had concealed assets and a certain relevant book of accounts.

The special master, after taking proof, found a lack of good faith in filing the petition because the prior assignment for the benefit of creditors showed an intention to liquidate and the reason for seeking a reorganization was merely to avoid an adjudication and its consequences. He also found that the alleged bankrupt had failed to satisfactorily explain a shortage of certain dresses, but that the objecting creditors had not established that the debtor obtained property or credit by intentionally making a materially false statement in writing respecting its financial standing, nor that the alleged bankrupt had concealed books. The court sustained the master in the last two findings and reversed him on the issue of good faith, being unconvinced that either the prior assignment, or the reported shortage of assets, required a finding to the contrary.

The debtor's business was manufacturing dresses. It cut the material on its premises and sent it to contractors for completion. Its assets were merchandise, fixtures, and accounts receivable, and its liabilities consisted largely of accounts payable to merchandise vendors and contractors. All the stock of the corporation was owned by Wisun and Golub, who were its only officers.

The special master based his finding that there was concealment of assets by the debtor upon records of the debtor and of the contractors to whom the dresses were sent. He assumed there were no goods on hand January 1, 1935, and by a comparison of the records of goods received and those disposed of, he established a shortage of 971 dresses when the assignee took possession on May 31, 1935. By calculation beginning with the assumption that there were no dresses on hand on April 1, 1935, a shortage of 1,318 dresses was shown for the two month period. This is more than double the number on hand when the assignee took possession. The explanation given by Wisun and a bookkeeper, that it was customary to make gifts of dresses to buyers and to discard damaged dresses believed unfit for sale, is entirely inadequate. No record was made respecting this practice. Although no specific figures were given, Wisun testified that approximately 10 per cent. of the returned dresses had to be discarded. This would account for less than 200 during April and May. The same witness gave 25 dresses a week as his highest estimate of gifts to buyers. The total thus runs to less than a third of the missing dresses. The shortage credited in the two months represented more than 10 per cent. of the number handled during that period, and the master found it unreasonably large and the explanation insufficient and not supported. The cost per dress was over $2, and converting the figures into a yearly basis, discards, and gifts would amount to 7,908 dresses and create an annual loss of more than $15,000.

The District Judge, in reversing the master, did not disagree with the master's conclusion that there was an unexplained shortage in the debtor's assets. He could not have done so on this record. In re Slocum, 22 F.(2d) 282 (C.C.A.2). In his decision he said only that this did not persuade him that good faith on the part of the debtor was lacking. He did not "summarize the evidence on the point" because "to the extent that it may hereafter be relevant, ample opportunity will be afforded to interested parties to put in proof on the subject and to bring before me any legal questions related thereto that they may desire."

The statute, section 77B (a) of the Bankruptcy Act, 11 U.S.C.A. § 207 (a), provides: "Upon the filing of such a petition or answer the judge shall enter an order

either approving it as properly filed under this section if satisfied that such petition or answer complies with this section and has been filed in good faith, or dismissing it."

As a condition preceding approval by the court of a petition as properly filed, it must be found to have been filed in good faith. The master's finding of concealment of the dresses is a fatal objection to approval of the petition. A debtor, who hides his assets from his creditors and attempts to reorganize its business without disclosure of such assets to his creditors, deals unfairly with them. He attempts to cheat them by withholding property which is theirs for the payment of his indebtedness. To attempt such a fraud is bad faith. "Equity will not aid those who defraud or deceive." See In re Knickerbocker Hotel Co., 81 F. (2d) 981 (C.C.A.7). Such conduct inspires no confidence and contradicts any avowal of an honest intention to effect a reorganization which should be for the benefit of creditors as much as for the stockholders of the corporation.

The petition should have been refused judicial sanction.

Order reversed.