## FIRST NAT. BANK OF WELLSTON v. CONWAY ROAD ESTATES CO.*

### No. 11016.

Circuit Court of Appeals, Eighth Circuit.
Feb. 14, 1938.

Staunton E. Boudreau, of St. Louis, Mo. (John B. Kramer, of St. Louis, Mo., on the brief), for appellant.

J. L. London, of St. Louis, Mo., for appellee.

Before GARDNER, SANBORN, and THOMAS, Circuit Judges.

THOMAS, Circuit Judge.

This is a proceeding under section 77B of the National Bankruptcy Act. 11 U.S. C.A. § 207. The question presented is whether the District Court properly overruled a motion to dissolve a temporary injunction restraining the foreclosure sale of land in which the debtor claimed an equitable interest.

The appellant bank holds a note made by one Wood and secured by a trust deed conveying certain lots in St. Louis county, Mo. For default in payment foreclosure was begun and the lots were advertised to be sold on April 25, 1936. On April 24 the appellee, hereinafter called the debtor, filed its voluntary petition for reorganization in the District Court claiming an equitable interest in the lots as a part of its property and asking that the sale be enjoined. An order was entered approving the petition as properly filed, continuing the debtor in possession of its property and restraining the foreclosure proceeding. The appellant bank intervened and asked that the injunction be dissolved. The debtor answered and without denying the averments of the petition of intervention asked that the validity of the bank's lien be adjudicated. Thereupon the bank moved for a judgment of dissolution upon the facts appearing upon the face of the pleadings. The appeal is from the order overruling this motion.

Before considering the contentions of appellant it will be convenient to clear away some of the obstructions interposed by the debtor. It is first claimed the motion to dissolve the injunction is premature because the court should first hear testimony and adjudicate the rights of the bank in the property. The debtor asked in its answer to the petition of intervention that it be decreed that the bank has no right, title or interest in or to any part of the property. The bank at evey step denied the jurisdiction of the court. It is too well settled to require discussion that the bankruptcy court does not have jurisdiction to determine an adverse claim to property in a summary proceeding against objection of the claimant when the bankrupt has neither the legal title nor possession. Taubel-Scott-Kitzmiller Co. v. Fox, 264 U.S. 426, 44 S.Ct. 396, 68 L.Ed. 770; Harrison v. Chamberlin, 271 U.S. 191, 46 S.Ct. 467, 70 L.Ed. 897; Engebretson v. Marcell, 8 Cir., 84 F.2d 315; In re Patten Paper Co., 7 Cir., 86 F.2d 761, 765; In re Chicago & N. W. Ry. Co., Debtor, 7 Cir., 86 F.2d 508.

It is further claimed that appellant's motion to dissolve the injunction had the

738

effect of a demurrer; that it admitted all facts recited in the debtor's petition for reorganization and that none other may be considered. This contention is not sound and would require a wrong approach to the problem to be solved. The motion was in the nature of a motion for a summary judgment upon the pleadings, "consisting of debtor's petition, the intervening petition * * * and debtor's answer to the intervening petition. * * *" The rule is that such a judgment must be sustained by the undisputed facts appearing in all the pleadings. National Surety Corporation v. Ellison, 8 Cir., 88 F.2d 399, 402; Klink v. Chicago, R. I. & P. Ry. Co., 8 Cir., 219 F. 457; Kimber v. Gunnell Gold Mining & Milling Co., 8 Cir., 126 F. 137. Such a judgment cannot rest upon disputed facts. Consolidated Indemnity & Ins. Co. v. Alliance Casualty Co., 2 Cir., 68 F.2d 21. The master recommended that the motion be considered only as a demurrer to the debtor's petition, and the lower court apparently adopted his view. This was error.

Other contentions of appellee can more appropriately be considered in connection with the main issues.

The arguments of appellant to sustain its claim of alleged error may be summarized in two propositions:

(1) The court was without authority to enjoin the foreclosure sale because the debtor neither actually nor constructively owned the mortgaged property.

(2) The injunction should have been dissolved because the undisputed facts showed that the debtor's petition for reorganization, including the application for injunction, was not filed in good faith as required by section 77B (a) of the Bankruptcy Act, 11 U.S.C.A. § 207(a).

In response to these propositions the appellee contends: (1) That the debtor's claim to an equitable interest in the lots is property within the meaning of section 77B, and that, therefore, the court had authority to enjoin the foreclosure sale in furtherance of the debtor's reorganization; (2) that the petition was filed in good faith; and (3) that appellant being neither creditor nor stockholder of the debtor cannot raise the question of good faith because its intervention must be in subordination to and in recognition of the main proceeding.

■ Section 77B(c) (10), 11 U.S.C.A. § 207(c) (10) provides that the court "may, upon notice and for cause shown, enjoin or stay the commencement or continuance of any judicial proceeding to enforce any lien upon the estate until after final decree." For the purpose of this appeal we may assume without deciding that the debtor's interest in the property was shown by the facts alleged in its petition to be such that the bankruptcy court had jurisdiction to enjoin the foreclosure. All that the debtor had, however, was a disputed claim to an equitable interest, a claim which could be adjudicated only in a plenary suit, and so far no such suit had been brought against the appellant. A debtor's right to an order restraining foreclosure under such circumstances is not very substantial at best, and when the order has been issued it should be dissolved promptly upon failure of the debtor to prosecute with diligence a plenary suit to establish the invalidity of the lien and the validity of the debtor's title. A bankruptcy court's power to enjoin must be exercised only in the furtherance of justice, and after consideration of all the pertinent circumstances. Foust v. Munson S. S. Lines, 299 U.S. 77, 83, 57 S.Ct. 90, 93, 81 L.Ed. 49. In the cited case the Supreme Court said: "Section 77B(c) (10), 11 U.S.C.A. § 207(c) (10) enlarging power conferred by section 11 [11 U.S.C.A. § 29], broadly declares the judge 'may enjoin or stay the commencement or continuation of suits against the debtor until after final decree.' The exclusive jurisdiction given the court over the debtor and his property, subdivision (a), 11 U.S.C.A. § 207(a), does not imply that the commencement or the carrying on of suits against the debtor must be enjoined or that all claims must be referred to a master for consideration and report. Subdivision (c) (11), 11 U.S.C.A. § 207(c) (11). See In re Prudence Bonds Corporation (C.C.A.) 75 F.2d 262, 263. The power to stay does not imply that it is to be, or appropriately may be, exerted without regard to the facts. The granting or withholding of injunction is left to the discretion of the court."

The vital question here is whether or not upon the undisputed facts the court abused his discretion in denying appellant's motion to dissolve the injunction.

■ We therefore turn to an examination of the circumstances which control the discretion of the District Court with respect to the right of the debtor to enjoin the foreclosure sale and the correlative right of the appellant to freedom from restraint. It has been the rule in equity receivership

cases that the bill must be dismissed for want of equity if it is not filed in good faith as, for example, when its purpose is to hinder or delay creditors. Shapiro v. Wilgus, 287 U.S. 348, 53 S.Ct. 142, 77 L.Ed. 355, 85 A.L.R. 128; First National Bank v. Flershem, 290 U.S. 504, 54 S.Ct. 298, 78 L. Ed. 465, 90 A.L.R. 391; Harkin v. Brundage, 276 U.S. 36, 48 S.Ct. 268, 72 L.Ed. 457. Under section 77B(a) of the Bankruptcy Act the District Judge must dismiss the entire proceedings when want of good faith on the part of the debtor appears. Tennessee Publishing Co. v. American Bank, 299 U.S. 18, 22, 57 S.Ct. 85, 87, 81 L. Ed. 13.

In a reorganization proceeding under section 77B good faith means more than honesty of purpose. It also requires that there be a reasonable possibility of successful reorganization. Wright v. Vinton Branch Bank, 300 U.S. 440, 463, 57 S.Ct. 556, 562, 81 L.Ed. 736; Tennessee Publishing Co. v. American Bank, supra; In re Tennessee Publishing Co., 6 Cir., 81 F.2d 463; In re Loeb Apartments, 7 Cir., 89 F.2d 461; Manati Sugar Co. v. Mock, 2 Cir., 75 F.2d 284; O'Connor v. Mills, 8 Cir., 90 F. 2d 665; Provident Ins. Co. v. University Church, 9 Cir., 90 F.2d 992.

Whenever want of good faith appears the debtor's petition should be dismissed even though a plan of reorganization has not been submitted. The District Court was reversed for failure to dismiss in such a case in Provident Ins. Co. v. University Church, supra, in Re Wisun & Golub, 2 Cir., 84 F.2d 1, and in Re North Kenmore Corporation, 7 Cir., 81 F.2d 656. The judgment of the District Court dismissing the petition for want of good faith was affirmed in O'Connor v. Mills, supra; in Manati Sugar Co. v. Mock, supra; and in Re Grigsby-Grunow Co., 7 Cir., 77 F.2d 200.

In Brockett v. Winkle Terra Cotta Co., 8 Cir., 81 F.2d 949, 953, Judge Van Valkenburgh, speaking for this court, said in reference to section 77B: " 'The outstanding purpose of the Amended Act, upon which this case rests, was to afford aid in the effort to rehabilitate corporations solvent in fact but unable to meet maturing obligations.' It was not the purpose to lend its aid generally and without discrimination to corporations hopelessly insolvent, and without legal resources to prosecute their business with reasonable prospect of success."

Considering the act itself and all these decisions it is apparent that it is the duty of the District Court to bear in mind the purpose and function of 77B at every step of the proceedings; and whenever it appears that rehabilitation of the debtor is impracticable or that injunctive relief is not sought in good faith the court in the exercise of a sound discretion should refuse the debtor further aid in harassing lienholders. In this view the contention of the debtor that appellant cannot raise the question of good faith is without merit, since the good faith of the debtor is one of the equities which control the exercise of the court's discretion. With these principles in mind we proceed to an examination of the pleadings to determine whether the undisputed facts contained therein sustain appellant's position that the District Court abused its discretion in refusing to dissolve the injunction.

The debtor is a corporation formed for the purpose of assembling, developing, selling and dealing in tracts of land in the city of St. Louis and St. Louis county, Mo. Its debts, without including accrued interest except in one instance, aggregate $64,700.98. Its assets consist of three promissory notes dated in 1929 and 1930, totaling $4,654.70, and a claimed, but disputed, equitable interest in the five lots in St. Louis county covered by appellant's lien. Suit has been brought in the state court on two of the three notes in the sum of $4,394.70 and the maker is contesting liability.

The debtor's claim to an equitable interest in the five lots in St. Louis county is in controversy. Benjamin A. Wood, the grantor of appellant's lien, has possession and the legal title, which, it is alleged in the petition, he "improperly" obtained. In 1929 the debtor, then owner of the lots, executed a deed of trust conveying the lots to secure its note for $10,000 due in three years and given as a part of the purchase price. Wood, holder of the note and security, placed them with the appellant bank as collateral to a note given by him to the bank. In a transaction between Wood and the debtor, Wood, with the knowledge of the bank, agreed to pay the note. He afterwards paid $3,500 thereon, but defaulted in payment of the balance of $6,500 when it was due in 1932. Wood was an officer of the debtor corporation. After the default Wood, it is alleged, "in connivance" with the officers of the bank, obtained the note and caused the trustee to foreclose the trust deed. The fore-

closure sale was on October 18, 1932. Wood bid in the property for $3,750, which he did not pay, but the amount of the bid was indorsed on the note. Notice of foreclosure was served only on Wood and not on the other officers of the debtor. The lots at that time were of the approximate value of $31,-000.

Upon procuring title to the lots Wood made a new note for $6,500 and executed a trust deed conveying the lots to a trustee as security therefor, which note and trust deed were given appellant to secure the indebtedness remaining due to it. This is the trust deed the foreclosure of which was enjoined.

A suit is pending in the state court of St. Louis county seeking to divest the title of Wood and to invest it in the debtor. Wood is defending that suit. The appellant is not made a party and its lien is not attacked. No plenary suit has been brought in any court assailing appellant's title to the lien, although the trust deed was recorded February 1, 1933.

In 1932 one J. Fred Schlafly, the owner of a $15,000 judgment for which the debtor' was liable, filed a petition in involuntary bankruptcy against the debtor. Later he procured the dismissal of the bankruptcy proceedings, in consideration of which he was given a $15,000 lien on the lots subject only to the bank's lien for $6,500.

On August 15, 1932, for the purpose of modifying certain building restrictions of record, the debtor joined with several other parties in executing a series of deeds, one of which recited and acknowledged that Wood was the owner of the lots now in controversy.

From 1932 to 1935 the debtor was in financial difficulties, within which period it lost through foreclosure or otherwise all its real estate; and it has not been engaged in business since November, 1935.

The $6,500 note secured by the trust deed involved in foreclosure represents a continuous renewal of the unpaid balance of the $10,000 note made by the debtor in 1929. In 1936 Wood assigned all his right, title and interest in the note to the bank, since which time it has been absolute owner thereof.

Under these undisputed facts the court erred in overruling appellant's motion to dissolve the injunction. If any "cause" appeared to exist at the time the petition was filed it has disappeared in the light of all of the facts and of the purposes of the statute. The corporation is on the face of the record hopelessly insolvent. Conceding the doubtful possibility of rehabilitation, it cannot now be said that the injunction has been sought in good faith. The debtor has delayed attacking the validity of the lien in a plenary suit since 1932. In 1933 it recognized and acknowledged the title of appellant's grantor in a solemn deed. The title to the lots is encumbered not only by the $6,500 lien and interest, but by a second lien for $15,000 and interest. The argument that the debtor's liability on its original $10,000 note terminated when Wood agreed to pay the bank is without merit. After Wood's promise to pay its debt the debtor remained secondarily liable to the bank. Union Life Insurance Co. v. Hanford, 143 U.S. 187, 12 S.Ct. 437, 36 L.Ed. 118; Pratt v. Conway, 148 Mo. 291, 49 S.W. 1028, 71 Am.St.Rep. 602; Citizens' Bank of Senath v. Douglass, 178 Mo.App. 664, 161 S.W. 601; Cassville School Dist. v. McArtor, Mo.App., 286 S. W. 729; Nelson v. Hudson, 221 Mo.App. 211, 299 S.W. 1111. The debtor having no capital with which to redeem, the alleged equity can be of little aid to it in rehabilitation.

We express no opinion upon the merits of the controversy pending in the state court between the debtor and Wood, nor upon the possibility of reorganization under any plan which may hereafter be submitted to the court. We hold only that under the undisputed facts disclosed in the pleadings the appellant's motion to dissolve the injunction should have been sustained. The order appealed from is reversed, and the District Court is instructed to enter an order sustaining the motion to dissolve the injunction.

Reversed.