**NOEL et al. v. OLDS et al.**

No. 8793.

United States Court of Appeals
District of Columbia.

Decided March 26, 1945.

Mr. Arthur J. Phelan, of Washington, D. C., for appellants. Mr. James C. Rogers, of Washington, D C., also entered an appearance for appellants.

Mr. John E. Larson, of Washington, D. C., for appellees Edson B. Olds, Jr., and the American Security and Trust Company, Executors and Trustees. Mr. Homer Cummings, of Washington, D. C., on the brief for appellee Rollins College, and Mr. O. Max Gardner, of Washington, D. C., on the brief for appellee University of North Carolina.

Before GRONER, Chief Justice, and MILLER and EDGERTON, Associate Justices.

MILLER, Associate Justice.

In Noel v. Olds,[1] Number 8352 and related cases, this court decided that the will of William Hayes Ackland created a charitable trust; that the doctrine of cy pres operates in the District of Columbia to avoid the failure of such a trust when the testator's general charitable intention is manifested; that such a general charitable intention was so manifested by the testator; and we remanded the cases to the District Court with instruction to proceed accordingly. Thereafter, the District Court entered its judgment upon the mandate; it dismissed appellants' complaint, dropped them as parties to the cause, decreed that they have no interest in the testator's estate, except to the extent of the legacies specifically bequeathed to them, and realigned as parties plaintiff, Edson B. Olds, Jr., and the American Security and Trust Company, who had been parties defendant in the original proceeding.

Appellants contend that the trial court erred in entering judgment against them and in prohibiting them from having a trial, as plaintiffs, of the issues raised by the

---

[1] 78 U.S.App.D.C. 155, 138 F.2d 581.

pleadings, particularly as to the question whether a general charitable intention is revealed by the will of the testator. They suggest that as this court, in its opinion, did not say specifically that it was unnecessary to look to extrinsic evidence to determine the question, and as we discussed the evidence pleaded by their opponents, it is fair to assume that we thought it was necessary. This conclusion, however, does not follow.

 In their motion for judgment on the pleadings, appellants said: "The pleadings in this action are closed; there is no issue as to any material fact; the issues presented by the pleadings are issues of law relating to the meaning and effect to be given to the provisions of the Last Will and Testament of William Hayes Ackland, deceased; * * *." In its judgment entered in response to that motion, the District Court said: " * * * the language of the will is plain and unambiguous on its face. * * *" On that ground, that court declined to permit appellees to amend their counterclaim by incorporating additional evidence of the testator's general charitable intention. Its decision, in favor of appellants, upon the pleadings was based upon the theory that the doctrine of cy pres was not in force in the District of Columbia, not upon the absence of such an intention. It conformed its judgment to that theory, only because it felt bound by dicta, theretofore erroneously uttered by this court. The trial judge stated that in his opinion the present case was one appropriate for application of the cy pres doctrine;

he expressed the hope that on appeal our erroneous dicta would be repudiated, and that his judgment would be reversed. Our decision in Number 8352 upheld his conclusion that cy pres was and had been applicable in the District of Columbia. When we came to a consideration of its applicability in this case, we did so against the foregoing background. Not only appellants and the trustees, but also other parties—possible beneficiaries of the trust—were involved. It was appropriate for us—and it will be appropriate for the District Court—to consider both the fact that the testator expressed a general charitable intention, and what the range and scope of that intention may be in order, properly, to guide the trustees in administering the trust. We did this without specifying for which particular reason we examined the language of the will on the one hand and the evidence extrinsic to it on the other. We assumed, as the law contemplates, that if material questions of fact are presented by the pleadings, the remedy by motion for judgment on the pleadings under Rule 12(c) is not available;[2] hence that the purpose of appellants' motion was to secure a final judgment on the merits.[3] All parties, apparently, made the same assumption on the former appeal. Appellants evidenced the same understanding, of the situation and of the law, by representations made to the Supreme Court in their petition for certiorari.[4] 321 U.S. 773, 64 S.Ct. 611. What appellants ask is, in effect, that—having failed to prevail on their motion for judgment on the pleadings—they now be allowed to treat it, instead, as a motion to dismiss[5]

---

[2] See, generally, Clark on Code Pleading (1928) § 86, p. 380, and authorities there collected; 5 Cyclopedia of Federal Procedure (2d Ed.1943) § 1685, p. 318; Illinois Bell Telephone Co. v. Smith, D.C.N.D. Ill., 39 F.2d 157; Klink v. Chicago, R. I. & P. Ry., 8 Cir., 219 F. 457.

[3] North Poudre Irr. Co. v. Hinderlider, Colo., 150 P.2d 304, 309; Commonwealth Inv. Co. v. Guarantee Trust Co., 114 N.J. L. 125, 176 A. 189; see Wallace v. Bland, 194 N.C. 398, 139 S.E. 837; Yakima Hardware Co. v. Strickler, 156 Wash. 369, 376, 286 P. 853, 856; First Nat. Bank of Wellston v. Conway Road Estates Co., 8 Cir., 94 F.2d 736; Gould v. Evansville & Crawfordsville RR., 91 U.S. 526, 527, 23 L.Ed. 416 (for the old practice on demurrer); Essen v. Adams, 342 Mo. 1196, 119 S.W.2d 773, 118 A.L.R. 1393.

[4] Page 12: "It is important that this Court pass upon the question whether or

not a Federal court of appeals *can determine a case upon its merits* without first determining that it has jurisdiction, when that jurisdiction has been challenged." (Italics supplied.)

[5] See Leimer v. State Mut. Life Assur. Co., 8 Cir., 108 F.2d 302, 305; De Loach v. Crowley's Inc., 5 Cir., 128 F.2d 378, 380; Schlaefer v. Schlaefer, 71 App.D. C. 350, 354, 122 F.2d 177, 181, 130 A.L. R. 1014; Herzog v. Hubard, 68 App.D.C. 383, 98 F.2d 255; E. B. Badger Co. v. Arnold, 1 Cir., 282 F. 115, 116, 118; Atia Sales Corporation v. Howard, 2 Cir., 33 F.2d 88, 89; 1 Moore's Federal Practice (1938) 630 et seq.; cf. (use of motion for summary judgment, Rule 56, 28 U.S. C.A. following section 723c) First Nat. Bank of Wellston v. Conway Road Estates Co., 8 Cir., 94 F.2d 736, 738 (distinguishing the use of the general demurrer); National Surety Corporation of New York

or as a demurrer. This is exactly what Equity Rules 29 and 32[6] and the new Rule 12(c) were designed to prevent; i. e., the piecemeal process of judicial determination which prevailed under the old common law practice.[7]

■ But in any event, we made it plain in our opinion that it was not necessary to look to extrinsic evidence to determine that the testator had expressed a general charitable intention. As to that we said: "Moreover, if there were any doubt as to what the testator would have wished in the event which actually occurred, it is removed by other language which he employed in his will. In Item I, he said: 'I urge upon my executors and trustees, hereinafter named, *to carry out as nearly as possible the spirit of my intentions as expressed herein and as* may be expressed to them *by other means.'* [Italics supplied.] In Item VII(d) 8, he provided: 'I hereby give to my trustees full and complete discretion in connection with the administration of my trust estate and in carrying out the directions hereinabove contained, especially those in regard to the construction of the building hereinbefore provided for, and I direct that their decision in regard to any matter arising out of their administration shall be binding and conclusive upon all concerned.' Here is express language directing the trustees to look to other sources, well known both to testator and the trustees, to guide them in carrying out the spirit of his intentions. Such language would be without meaning if his purpose had been merely to make a gift to Duke University as a single beneficiary. It seems obvious, instead, that here was prevision of the possibility which actually eventuated and provision for the course to be followed by his trustees if it did."[8] Then we went on to say: "Gross distortion of his purpose would result from a holding that because of Duke's repudiation, the trust must fail. To divert his estate to his relatives would violate the first expressed and most positively stated intention of his will."

Affirmed.

---

v. Ellison, 8 Cir., 88 F.2d 399, 402; Consolidated Indemnity & Ins. Co. v. Alliance Casualty Co., 2 Cir., 68 F.2d 21; Gostomezik v. Gostomezik, 191 Minn. 119, 120, 253 N.W. 376, 377.

7 See, generally, Clark on Code Pleading (1928) § 85, p. 371; Advisory Commit-

tee's Note to Rule 12(b), 28 U.S.C.A. foll. § 723c; James A. Pike, Objections To Pleadings Under The New Federal Rules of Civil Procedure, 47 Yale L.J. 50; 1 Moore's Federal Practice (1938) 630 et seq. Cf. Catlin v. United States, 65 S. Ct. 631.

8 Noel v. Olds, 78 U.S.App.D.C. 155, 162, 138 F.2d 581, 588, and note 24.