## In re FULLAGAR.
### No. 22285.

District Court, W. D. New York.
Nov. 7, 1934.

Backus & Backus, of Rochester, N. Y., for debtor.

Charles W. Kimball, of Penn Yan, N. Y. (William S. McGreevy, of Geneva, N. Y., of counsel), for objecting creditors.

KNIGHT, District Judge.

The above-named Roger B. Fullagar on September 26, 1934, filed in this court a petition setting forth that he is a farmer and desires to obtain the benefits of the bankruptcy law in so far as it permits him to obtain a compromise of his debts or an extension of the time of payment of such debts, if a compromise is not effected, all as authorized and provided in section 75 (s) of such act (11 USCA § 203 (s).

The schedules of debts included with the petition listed three debts, two of which were claimed to be secured by mortgages on real property of said petitioner, and the other of which was a promissory note in the amount of $359.

On the day such petition was filed, an order was issued out of this court directing Mary E. Watkins and Edward T. Watkins, as executors of the estate of Egbert C. Haines, deceased, to show cause before this court on October 8, 1934, why an action pending in the county court of Yates county, in which such executors were plaintiffs, and Howard S. Fullagar, Cora B. Fullagar, and Roger B. Fullagar were defendants, and which action was brought to foreclose a mortgage executed by said Howard S. Fullagar and Cora B. Fullagar to said Egbert C. Haines, should not be restrained. The mortgage on which said foreclosure action was brought was one of the mortgages aforesaid listed in the schedules here. There admittedly was due and unpaid on said mortgage the sum of $3,900 and interest from March 30, 1929. The other mortgage was given to one Mina S. Winship, and the amount due and unpaid thereon was $2,000, with interest from March 1, 1932. The foreclosure action aforesaid was commenced on September 1, 1934. On August 27, 1934, Howard S. Fullagar and Cora B. Fullagar conveyed all of the lands described in the mortgage, executed to Egbert C. Haines, to Roger B. Fullagar. On the same day these same parties conveyed to Roger B. Fullagar all of the lands included in the mortgage given to Mina S. Winship. The consideration for such conveyances is not shown in any of the papers in this proceeding or in the proofs submitted on this motion.

The executors aforesaid have appeared in opposition to the granting of an order restraining the prosecution of the said foreclosure action and ask that the proceedings herein for the relief of the alleged debtor be dismissed, on these grounds: (1) That petitioner is not a bona fide farmer within the purview and intent of the act; (2) that the proceedings herein have not been brought in good faith; (3) that subdivision s of section 75 (11 USCA § 203 (s) is unconstitutional as class legislation and as violating the Fifth Amendment to the Constitution of the United States.

Ordinarily, questions of fact would be presented which would require an examination of witnesses before the court. Here, however, the disputed questions of fact do

not affect the decision which must follow from the uncontradicted facts.

Petitioner did not assume the payment of the Haines mortgage. This mortgage was collateral to bonds given by Howard S. Fullagar and Cora B. Fullagar. Petitioner owned no real estate other than that conveyed to him on August 27, 1934. It appears, as stated in the affidavit of Howard S. Fullagar, that these conveyances were made "to place the said Roger B. Fullagar in a more favorable position to refinance on a composition under the Acts of Bankruptcy." It appears that Howard S. Fullagar is the owner of a very considerable amount of real estate, other than the lands conveyed by him, and that it is worth more than the obligations against it. Petitioner does not claim to own any farm equipment, except a small amount totally inadequate to operate the lands. It appears that petitioner's father, Howard S. Fullagar, handled all the proceeds from the lands in question and all lands now claimed to be owned by petitioner; that petitioner had worked for his father for years; and that since 1931 the father has paid petitioner $10 per week. The proofs submitted show that petitioner was a farm laborer and not a farmer within the contemplation of the act.

■ Waiving the question of the constitutionality of section 75 (s) (3) of the Bankruptcy Act (11 USCA § 203 (s) (3), it is beyond question that such act was passed for the benefit of bona fide farmers. It was enacted for relief of farmers embarrassed by debts which could not be immediately met. It never could have been intended to afford means whereby one able to meet his obligations as they mature could escape payment of such obligations by transferring property to another, the latter taking the benefit of the Bankruptcy Act in question. Laws are enacted to protect personal and property rights—not to permit destroying them by the means adopted here. Here we have an illustration which discloses how purposes other than those intended by the act might be accomplished, if this petition were upheld. Fullagar, Sr., transferred real estate to Fullagar, Jr., to enable him to take the benefit of a law of which otherwise neither could take the benefit. Fullagar, Sr., gets released on his obligations under his bonds. Fullagar, Jr., has nothing to lose by the attempt to come within the provisions of the act, but he gets an extension or reduction of an indebtedness for the benefit of another.

■ It seems to the court that this petition was not filed in good faith, and that the alleged debtor is not a bona fide farmer within the contemplation of the act.

In view of the views hereinbefore expressed, it is thought to be unnecessary to pass upon the question of the constitutionality of section 75 (s), 11 USCA § 203 (s).

The petition herein should be dismissed and the motion for an order restraining the prosecution of the action in foreclosure denied.