## In re COLLINS.

### SHERMAN et al. v. COLLINS.
### No. 10000.

Circuit Court of Appeals, Eighth Circuit.
Dec. 20, 1934.

John M. Holmes, of St. Louis, Mo. (Thompson, Mitchell, Thompson & Young, of St. Louis, Mo., on the brief), for appellants.

Before STONE, GARDNER, and VAN VALKENBURGH, Circuit Judges.

STONE, Circuit Judge.

This is an appeal from an order denying a motion to dissolve an order restraining sale of real estate to satisfy a default on a deed of trust covering the property. The appeal is by the trustee and the note holder.

In 1929, the Marner Realty Company, a Missouri corporation, executed a deed of trust upon certain real estate in St. Louis, Mo., to secure payment of a note for $60,000 (with semiannual interest notes) due April 1, 1934. The deed of trust contained the usual provisions as to payment of taxes and as to acceleration for default in pay-

ment of taxes or of interest notes. General taxes beginning with 1930 became delinquent and had to be paid by the note holder, as well as a special assessment tax. These delinquencies with an unpaid interest note total something over $9,000. Exercising the right of acceleration, the trustee, on February 8, 1934, commenced the twenty-day advertisement of sale required by the deed of trust.

The day following (February 9, 1934), the Marner Company transferred this property to David J. Collins, Sr., for an expressed consideration of $100. As matter of fact, no actual consideration was agreed to be paid or was paid by Collins. On February 12, 1934, Collins filed a debtor's petition under section 74 of the Bankruptcy Act (as amended by the Acts of March 3, 1933, 47 Stat. 1467, § 1, and of June 7, 1934, § 2, 48 Stat. 922, 923 [11 USCA § 202]). The same day, the debtor filed in that proceeding a petition to enjoin the above sale. The following day, and without notice to appellants, an order was entered restraining such sale "until further instructions of this court." The trustee and the note holder filed, on February 19, 1934 (refiled February 20, 1934), a petition to dissolve the above order and to authorize the sale to proceed. This petition, after setting forth the deed of trust and other matters leading up to the sale, contained the allegations following:

"That the said David J. Collins, Sr., was and is the sole stockholder, except for directors' qualifying shares, of the said Marner Realty Company and was and is its President; that the above described property constituted either the only asset of said corporation or substantially all of its assets; that said corporation was at the time of said transfer unable to pay its debts as they accrued in the ordinary course of business and was insolvent, and was about to lose through said foreclosure sale its principal or only asset; that your petitioners are unadvised as to the consideration paid by the said David J. Collins, Sr., but state upon information and belief that said corporation received either nothing or no substantial consideration for said deed. Your petitioners further state that the said transfer from Marner Realty Company to David J. Collins, Sr., was not a bona fide transaction, but was entered into for the purpose of hindering, delaying and defrauding the creditors of Marner Realty Company, and more particularly Mercantile-Commerce Bank and Trust Company, and that said transfer was made for the purpose of attempting to

prevent the sale of said property by said successor trustee through placing title in David J. Collins, Sr., with the intent and purpose of immediately filing the above entitled cause and using said proceeding as a means of preventing said sale and hindering and delaying Mercantile-Commerce Bank and Trust Company in collecting its indebtedness from said Marner Realty Company through the sale of said property; that the said transfer to David J. Collins, Sr., and the subsequent filing of this proceeding were all part and parcel of an unlawful and fraudulent scheme and device to place said property of said Marner Realty Company beyond the reach of its creditors, and particularly of Mercantile-Commerce Bank and Trust Company, and to hinder and delay said creditors, and particularly Mercantile-Commerce Bank and Trust Company, from collecting their debts against said corporation or proceeding against said property, and the said conduct on the part of said David J. Collins, Sr., constitutes a fraud upon these petitioners and upon the Court; that said transfer is void as to creditors of Marner Realty Company and particularly as to Mercantile-Commerce Bank and Trust Company."

February 23, 1934, this petition was denied, and petitioners appealed.

Evidence was introduced at the hearing on the motion to dissolve. It was admitted by the debtor that he was the owner of all of the capital stock of the Marner Realty Company, that no consideration was paid or agreed to be paid by him for the property transferred to him by the company, and that the transfer to him was made "with the contemplation that when the deed was executed and delivered debtor proceedings would be begun by the grantee." The undisputed evidence was that there was a default under the deed of trust of "about $9,000.00"; that the corporate organization and dealings were maintained as to this property.

■ It is difficult to understand any legal principle upon which denial of the petition to dissolve the restraining order could be based, and we are not favored by any brief or argument for appellee attempting to sustain such action. The statute expressly denies debtor petitions, for compositions and extensions, to corporations. Because of such prohibition, the Marner Company was powerless to protect itself from the result of its repeated and continued defaults under the deed of trust. The plan resulted, to convey this property to an individual who could avail himself of this statute. The purpose of the entire transaction and of every move in it was to hinder and delay a creditor in collecting a just debt then due. The recent case of Shapiro v. Wilgus, 287 U. S. 348, 53 S. Ct. 142, 77 L. Ed. 355, 85 A. L. R. 128, clearly rules the situation here. There an individual found it necessary to convey his property to a corporation in order to secure an equity receivership for the purpose of hindering and delaying two creditors who were threatening suit against him. Here a corporation finds it necessary to convey its property to an individual in order to secure the protection of this statute for the purpose of hindering and delaying its creditor from collecting a debt. The language of the court (page 355 of 287 U. S., 53 S. Ct. 142, 144), that the entire transaction was "a scheme whereby the form of a judicial remedy was to supply a protective cover for a fraudulent design," is directly applicable to the transaction here. The design there, as here, was to hinder and delay creditors.

■ Conveyances to hinder or delay creditors in their rights of collection or realization of payment are legal fraud both in Missouri (R. S. 1929, § 3117 [Mo. St. Ann. § 3117, p. 1946]; Citizens' Bank v. McElvain, 280 Mo. 505, 510, 511, 219 S. W. 75) and generally (First National Bank v. Flershem, 290 U. S. 504, 518, 54 S. Ct. 298, 78 L. Ed. 465, 90 A. L. R. 391; Shapiro v. Wilgus, 287 U. S. 348, 354, 53 S. Ct. 142, 77 L. Ed. 355, 85 A. L. R. 128).

■ Nor is appellee aided by the circumstance that he was sole owner of the stock of the corporation. While courts will look through corporate organizations to individuals where such is necessary to protect a public or a private right—that is, to prevent injustice—they will do so sparingly and only when such is required to prevent injustice. Obviously, it would never be done to further perpetration of a fraud. Ordinarily, the corporation will be regarded as a separate legal entity. This is true even though there be but a single stockholder. Dalton v. Bowers, 287 U. S. 404, 410, 53 S. Ct. 205, 77 L. Ed. 389; Burnet v. Commonwealth Improvement Co., 287 U. S. 415, 419, 53 S. Ct. 198, 77 L. Ed. 399; Oldham v. Chicago & N. W. Ry. Co., 52 F.(2d) 111, 114 (C. C. A. 8); Majestic Co. v. Orpheum Circuit, 21 F.(2d) 720, 724 (C. C. A. 8).

[4] The transcript contains an order by the referee in bankruptcy (entered after this appeal) appointing a custodian to take possession of this property, manage and pre-

serve it, collect the rents, and retain custody of such proceeds until further order. Appellants urge here that the funds so arising and in the custody of the custodian should, after deduction of a reasonable fee for the custodian, be applied to reduce this indebtedness. This should be done. Since this conveyance is fraudulent as to the creditors of the corporation, it is clear that the income from this property is income of the corporation in so far as the rights of· its creditors are concerned. Under no theory can the creditors of the individual (Collins) have any rights thereto equal to those of the corporate creditors. Therefore the funds of the custodian should be devoted to satisfaction of the corporate debts. The undisputed evidence is that there are no corporate debts except this one. Hence the funds, less a reasonable allowance to the custodian, should be paid over to appellant Mercantile-Commerce Bank & Trust Company (the note holder here) to be applied upon this indebtedness.

The case is remanded, with instructions to enter an order or orders dissolving the restraining order, permitting sale under the deed of trust, and paying over funds of the custodian, all in accordance with this opinion.