## In re COSGRAVE.

### No. 24648.

District Court, S. D. California, Central Division.

Jan. 2, 1935.

David D. Sallee and Harry Ashton, both of Los Angeles, Cal., for Frances Cosgrave.

John L. Mace, of Los Angeles, Cal., for Pacific States Savings & Loan Co.

JAMES, District Judge.

The petioning debtor herein brings her proceeding under section 74 of the National Bankruptcy Act, as amended, 11 USCA § 202. Her true name is Frances Cosgrave Hurlbutt. She set forth in her schedules filed with the petition that she owed debts amounting to $172,003.10, and possessed property of the value of $271,140.35. The principal property listed is an apartment house in the city of Los Angeles, which at the time of the filing of the petition was subject to a trust deed lien in favor of Pacific States Savings & Loan Company in the amount, according to the schedules, of $141,000; also a third trust deed in the amount of $15,000. She set forth that she also owned property in San Francisco, subject to a first and second trust deed in the aggregate amount of $6,250, and a one-half interest in a city lot in Los Angeles subject to an encumbrance of $850. Also a lot of nominal value, near San Fernando, in Los Angeles county. There is no statement in the schedules as to whether the indebtedness against the property, aside from the apartment house, is presently due. At any rate, all of the other property is of little consequence compared with the apartment house, and it is quite plain that the proceeding is brought for the purpose of preventing the sale of the apartment house for defaults already committed and existing prior to the filing of the debtor's petition.

The debtor brought in the holder of the trust deed in the larger amount specified as affecting the apartment house, and asked for a restraining order to prevent further proceedings about to be taken by that company to obtain satisfaction of the debt.

The company last referred to answered the petition and order to show cause, and asked for a dismissal of the proceeding on the ground that it was not brought in good faith as the statute requires. The debtor

was called as a witness and a peculiar state of facts was developed by her testimony. It appears that her business was not and had not been that of an apartment house owner or manager prior to December 10, 1934. On that date she had lived only a few months at the apartment house with her husband, whom she stated kept the books of account there. She states that she paid $300 cash and gave notes for $700 and $1,000, and agreed to assume current expenses in the amount of $1,800, as complete payment for the equity of the owner of the property. Seven days later she filed her petition here, claiming the right to relief under section 74. The trust deed holder had, on the 22d of November, 1934, exercised its option to declare the whole sum of principal and interest as due and payable on account of defaults in the matter of payments. On the 10th of December, 1934, the trustee under the trust deed, as required by the beneficiary, filed an action in the Superior Court of the State of California, asking for specific performance and the appointment of a receiver. The hearing on the motion for the appointment of a receiver was set for the 17th day of December, 1934.

█ While the debtor makes the claim that the value of the apartment house is greatly in excess of the amount of the trust deed encumbrances, the Pacific States Company, by affidavit, asserted that the value was not in excess of $85,000, which was far less than the amount of said encumbrances.

The question here is: Can an individual suddenly acquire an equity in property for a nominal amount, and proceed immediately to claim the benefits of section 74 of the Bankruptcy Act? The provisions of that section were intended to secure relief to persons who, engaged in any business, and finding themselves embarrassed by debts accumulated in the past, desire the opportunity to submit terms of compromise to their creditors. Speculators in equities surely were not within the contemplation of Congress when it drafted the section. The question of good faith is one which the court is obliged to consider—"good faith" means that the proceeding is brought by a person within the contemplation of the act, and under circumstances which warrant the assumption that some form of fair compromise may be worked out with creditor interests. The provisions were never intended to merely stay the hands of creditors, and leave unmolested the property in possession of the debtors who might continue to derive the in-

come therefrom. The very fact that the petitioner acquired the equity in a large property at such a nominal figure contradicts in itself the assertion that the property has a value greatly in excess of the encumbrances against it. The facts and circumstances connected with the acquiring of the equity as shown here, demonstrate that the sole purpose of the dealings made by the petitioner with the former owner of the property was to enable her to prosecute a proceeding under section 74, in order that the foreclosure of the trust deed encumbrances should be prevented. A somewhat similar question was before the United States District Court in the Western District of New York in the Matter of Fullagar, 8 F. Supp. 602, 603, November 7, 1934. In that case there was an alleged farmer's petition and it appeared that the real owner had made a transfer of the property and his grantee had commenced a proceeding under section 75 (s), 11 USCA § 203 (s). The court there said: "It is beyond question that such act was passed for the benefit of bona fide farmers. It was enacted for relief of farmers embarrassed by debts which could not be immediately met. It never could have been intended to afford means whereby one able to meet his obligations as they mature could escape payment of such obligations by transferring property to another, the latter taking the benefit of the Bankruptcy Act in question. Laws are enacted to protect personal and property rights—not to permit destroying them by the means adopted here. Here we have an illustration which discloses how purposes other than those intended by the act might be accomplished, if this petition were upheld."

█ It is the duty of the court to afford protection to all persons who properly come within the purpose of the provisions of section 74, and it is equally the duty of the court to see that the law is not abused in the practice. As I have stated, other property listed by the petitioner is of insignificant amount, and it does not appear that any encumbrances against same are due, or that creditors are pressing for payment.

█ My conclusion is that the petitioner does not come within the law entitling her to the relief sought, and that in law the petition is not one filed in good faith.

The motion of Pacific States Savings & Loan Company to dismiss the petition of the debtor is granted. An exception is noted in favor of the petitioner.