## In re FRANCFAIR, INC.
### No. 61421.

District Court, S. D. New York.

June 3, 1935.

Pollock & Nemerov, of New York City, for petitioner.

Burnstine, Geist, Netter & Hirst, of New York City, for trustee.

Harry Rodwin, of New York City (Edward F. Keenan, Irving H. Jurow and Joseph Lapidus, all of New York City, of coun-

sel), for Superintendent of Insurance of State of New York, as Rehabilitator of New York Title & Mortgage Co.

BONDY, District Judge.

The debtor was incorporated January 2, 1935. Its petition for reorganization under section 77B (11 U.S.C.A. § 207) was filed January 15, 1935. The application for an order approving the petition was not made until April 22, 1935.

The only asset of the debtor is one parcel of real estate, known as the Franconia Hotel, 20 to 26 West Seventy-Second street, in the borough of Manhattan. It was transferred to the debtor at about the time of its incorporation by the First People's Trust of Boston, a Massachusetts trust, in exchange for all the capital stock of the debtor, its promissory note for $345,000, and its assumption of the payment of the first mortgage thereon of $835,000. Judgment of foreclosure had been entered against it before the transfer, and it was to have been sold under a decree of sale April 29, 1935.

The mortgage amounts to $835,000, unpaid interest to $149,832.73, and unpaid taxes to $85,195.20, a total of $1,070,027.93.

The property has been appraised at $834,970. In 1933 and 1934 the property yielded no more than just about enough to pay taxes.

It does not appear that the petitioning debtor has any equity in the property, or that there is any reasonable probability that a successful reorganization can be had, or that anything can be accomplished by interfering with the rights of the holders of the mortgage or mortgage certificates to sell the property. Manati Sugar Co. v. Mock (C.C.A.) 75 F.(2d) 284.

Moreover, a petition filed on January 15, 1935, to reorganize a corporation organized January 2, 1935, for the purpose of acquiring a piece of real estate already under foreclosure and encumbered by liens exceeding its value and transferred to it by trustees of a trust in consideration of all the stock of the corporation, the trust so far as the record shows being solvent and continuing in control of the property, cannot be considered to have been filed in good faith. Compare Shapiro v. Wilgus, 287 U. S. 348, 53 S.Ct. 142, 77 L.Ed. 355, 85 A. L.R. 128.

The motion to dismiss the debtor's petition accordingly is granted.