**In re NORTH KENMORE BLDG. CORPO-RATION.**

**QUIN et al. v. NORTH KENMORE BLDG. CORPORATION.**

Nos. 5597, 5602, 5614.

Circuit Court of Appeals, Seventh Circuit.

Jan. 31, 1936.

Percy N. Booth and Henry J. Stites, both of Louisville, Ky., and Carl R. Latham, of Chicago, Ill., for appellants.

Paul E. Collins and Everett Lewy, both of Chicago, Ill., for appellee.

Before SPARKS and ALSCHULER, Circuit Judges, and BRIGGLE, District Judge.

BRIGGLE, District Judge.

These appeals are from an order of the District Court finding that the petition of appellee, North Kenmore Building Corporation, filed under section 77B of the Bankruptcy Act, as added by Act June 7, 1934, § 1, 48 Stat. 912 (11 U.S.C.A. § 207), was properly filed and in good faith, which order the court, upon petition, declined to vacate.

The Edgewater Apartments are located at 5737 North Kenmore avenue in the city of Chicago. The property is encumbered by a first mortgage trust deed given on March 3, 1927, to secure an issue of bonds executed by Evelyn Lynas Frost and Harwood Frost, her husband, the then owners, and aggregating in principal amount $275,000, of which $259,000 are outstanding and unpaid. There is also a second mortgage upon the premises in the sum of $85,000, with accrued interest, executed by the Frosts. A bill to foreclose the first lien was filed on June 16, 1932, in the superior court of Cook county, and a receiver was appointed. On March 7, 1933, the Frosts by their quitclaim deed of that date conveyed the mortgaged premises to one Charles E. Heckler, their attorney, who did not, however, assume the indebtedness. A decree of foreclosure and sale was had in the state court on June 10, 1935.

The North Kenmore Building Corporation, appellee herein, was incorporated under the laws of the state of Illinois on July 2, 1935, with all the outstanding capital stock, except one share, being owned and held by the said Heckler. On July 3, 1935, the said Charles E. Heckler and Leila Heckler, his wife, conveyed the mortgaged premises to appellee; the new corporation assuming all liens against the mortgaged premises, aggregating $344,000. It appears from the record that the land and improvements were appraised on June 16, 1932, at $171,000. In February, 1935, the land, building, furniture, and furnishings were appraised at $192,203.

On July 18, 1935, the corporation filed its petition for reorganization under section 77B, and the same was approved as properly filed and in good faith. The united bondholders' committee, appellant herein, which controls in excess of 82

per cent. of the outstanding bonds, later filed a motion to vacate the order approving debtor's petition, alleging that the court erred in holding under the above facts that the petition of the debtor was properly filed and in good faith.

That appellee has no equity in this property, other than of a speculative value, is a matter not open to serious doubt. In the matter of In re Cosgrave (D.C.) 10 F.Supp. 672, 673, Judge James, the learned Senior District Judge of the Southern District of California, in dismissing for lack of good faith a debtor's petition under section 74 of the Bankruptcy Act, as amended (11 U.S.C.A. § 202), said: "Can an individual suddenly acquire an equity in property for a nominal amount, and proceed immediately to claim the benefits of section 74 of the Bankruptcy Act? The provisions of that section were intended to secure relief to persons who, engaged in any business, and finding themselves embarrassed by debts accumulated in the past, desire the opportunity to submit terms of compromise to their creditors. Speculators in equities surely were not within the contemplation of Congress when it drafted the section. * * * 'Good faith' means that the proceeding is brought by a person within the contemplation of the act. * * * The very fact that the petitioner acquired the equity in a large property at such a nominal figure contradicts in itself the assertion that the property has a value greatly in excess of the encumbrances against it. The facts and circumstances * * * as shown here, demonstrate that the sole purpose * * * was to enable her to prosecute a proceeding under section 74, in order that the foreclosure * * * be prevented."

We think this is a fair statement of the purpose of section 74, and the language there used is applicable to the instant situation. The fact that more than 82 per cent. of the bondholders, who are in fact the real owners of the property in question, have arrayed themselves in opposition to the proposed plan of this new corporation, also weighs heavily in the determination of the question of the good faith of the petitioner.

However, another impelling reason exists for holding that this petition lacks the good faith contemplated by the statute. The original debtor in this case was not a corporation, but the corporate debtor was subsequently created for the purpose of permitting a reorganization under a statute permitting certain things to be done in a bankruptcy court by a corporation that could not be done by individuals. When Congress enacted section 74 (11 U.S.C.A. § 202) to apply to individuals and sections 77A and 77B (11 U.S.C.A. §§ 206, 207) to apply to corporations in similar circumstances, it was certainly not contemplated that individuals might clothe themselves in corporate garments for the purpose of taking advantage of the statutes appertaining thereto if, in financial extremis, the law respecting corporations seemed to afford greater advantages. Had that been the legislative intent, one statute might well have been made to serve the double purpose. This view finds support in the recent cases of Sherman v. Collins, 75 F.(2d) 62 (C.C.A.8th); In re Fullagar (D.C.) 8 F.Supp. 602; In re Francfair (D.C.S.D.N.Y., June 3, 1935) 13 F.Supp. 513, and In re Philadelphia Rapid Transit Co. (D.C.) 8 F.Supp. 51, approved Wilson v. Philadelphia Rapid Transit Co. (C.C.A.) 73 F.(2d) 1022.

The judgment is reversed, and the cause remanded, with directions to dismiss debtor's petition.

Reversed and remanded.