## FRANCISCO BLDG. CORPORATION, LIMITED, v. BATTSON et al.

### No. 7961.

Circuit Court of Appeals, Ninth Circuit.

March 17, 1936.

Elbert E. Hensley and John H. Klenke, both of Los Angeles, Cal., for appellant.

H. W. O'Melveny, Walter K. Tuller, Louis W. Myers, Paul Fussell, and Homer I. Mitchell, all of Los Angeles, Cal., for appellee.

Before WILBUR, GARRECHT, and HANEY, Circuit Judges.

PER CURIAM.

Appellant filed a petition for reorganization under section 77B of the Bankruptcy Act (11 U.S.C.A. § 207), alleging that it owned a thirteen-story building at the corner of Eighth and Francisco streets in Los Angeles, Cal., but that the property is subject to a trust deed and chattel mortgage to secure $615,000 6 per cent. first mortgage bonds, of which there are outstanding and unpaid $524,500; that by reason of default in payment of interest the trustee under the trust deed had taken possession of the property; that in addition to the principal about $90,000 interest was then due. The petition showed that during the period the trustee had occupied the premises from September 26, 1933, to December 31, 1934, the gross income from the property had been $80,967. The operating expenses and taxes left a net income of $19,121.23 to be applied to the interest due upon the bond issue which amounted to over $30,000 per annum. The petitioner proposed a plan for reorganization April 17, 1935, providing for the surrender of all the outstanding bonds secured by the first trust deed and the cancellation thereof, and the issuance in lieu thereof of new bonds aggregating $340,925 bearing interest at 5 per cent. per annum payable only from the earnings of the building and making certain elaborate provisions for the maintenance of the property.

The petitioner contended in the trial court that it was unnecessary to secure the consent of the bondholders and creditors because it alleged that its proposal came under section 77B of the Bankruptcy Act, subd. (b), cl. (5), subcl. (d), 11 U.S.C.A. § 207 (b), (5) (d), as follows: "By such method [of reorganization] as will in the opinion of the judge, under and consistent with the circumstances of the particular case, equitably and fairly provide such protection [for creditors]." This subsection of section 77B has been construed by the Circuit Court of Appeals for the Second Circuit, In re Murel Holding Corporation, 75 F.(2d) 941, 942, in an opinion written by Judge Learned Hand, where it is stated that it is plain that adequate protection as therein used "must be completely compensatory." See also, to the same effect, decision by the same court, In re Coney Island Hotel Corporation, 76 F.(2d) 126. The holders of about 92.24 per cent. of the outstanding bonds objected to the proposed form of reorganization and claimed that the proposed plan would reduce the claims of the bondholders by $312,260.12. The trial court sustained their objections to the proposed plan for reorganization.

An appeal is taken from that order.

■ It is too obvious to require discussion that there is no abuse of discretion in refusing to approve the proposed plan of re-

organization. In re Murel Holding Corporation, supra; In re Coney Island Hotel Corporation, supra. We therefore content ourselves with citing a number of additional authorities bearing on the question. In re Central Funding Corporation (C.C.A.) 75 F.(2d) 256; In re Murel Holding Corporation (C.C.A.) 75 F.(2d) 941; Louisville Joint Stock Land Bank v. Radford, 295 U.S. 555, 55 S.Ct. 854, 79 L.Ed. 1593, 97 A.L.R. 1106; In re North Kenmore Building Corporation, 81 F.(2d) 656, decided by the United States Circuit Court of Appeals for the Seventh Circuit, January 31, 1936; Central States Life Ins. Co. v. Koplar Co., 80 F.(2d) 754, decided by the United States Circuit Court of Appeals for the Eighth Circuit, December 17, 1935.

█ The motion to dismiss the appeal on the ground that the question has become moot because there has been a sale under the trust deed and a purchase by the bondholders is denied.

Order affirmed.