## In re LOEB APARTMENTS, Inc.

### LOEB APARTMENTS, Inc., v. MALWITZ et al.

No. 5952.

Circuit Court of Appeals, Seventh Circuit.

Feb. 10, 1937.

Rehearing Denied May 10, 1937.

462

BRIGGLE, District Judge, dissenting.

---

J. Kentner Elliott, of Chicago, Ill., for appellant.

Edward R. Adams and Robert W. Wales, both of Chicago, Ill., for appellees.

Before EVANS, Circuit Judge, and LINDLEY and BRIGGLE, District Judges.

LINDLEY, District Judge.

Appellant seeks a reversal of an order dismissing its petition for reorganization under section 77B of the Bankruptcy Act, as amended (11 U.S.C.A. § 207), for lack of good faith.

The property involved formerly belonged to one Loeb, who had previously filed and prosecuted proceedings under section 74, as amended by the Act of March 3, 1933, § 1, 47 Stat. 1467 (see 11 U.S.C.A. § 202) for the purpose of securing extension of time within which to pay her debts. It was incumbered by trust deed securing bonds, proceedings for foreclosure of which had been pending in the circuit court of Cook county for three years, at the time proceedings under section 74 were filed. It developed that the court had no jurisdiction under section 74 and the petition was dismissed. The debtor thereupon conveyed the property to appellant, a corporation organized September 3, 1935, which, on September 9th, following, filed its voluntary petition under section 77B. The debtor filed also a plan of reorganization. Creditors filed another plan. Thereupon the debtor withdrew the one it had proposed. In the months of September and October, 1935, creditors to the extent of 61½ per cent. of the total consented to the plan. Subsequently, consents of additional creditors, bringing the total to over 66⅔ per cent. of the bonds outstanding, were filed.

Appellees, members of a bondholders' committee, objected to approval of the petition on the ground that it had not been filed in good faith. The master to whom the petition was referred recommended an order dismissing the petition for lack of good faith. Exceptions were filed.

The District Court on January 29, 1936, filed its memorandum stating that the objections to the report of the master should be sustained; that creditors within the meaning of the act had not controverted the averments of the petition; that the fact that conveyance had been made to the corporation, after entry of decree of foreclosure, for the purpose of effecting reorganization did not necessarily indicate bad faith, especially when the requiste two-thirds had agreed to the plan. Two days later this court decided In re North Kenmore Building Corporation, 81 F.(2d) 656, 657 (C.C.A.7), in which language was used which might indicate that we considered as a determining fact that subse-

quent incorporation was for the purpose of creating jurisdiction under section 77B. Because of this decision, apparently, Judge Wilkerson reversed his conclusion reached by his reasoning of January 29, overruled the exceptions to the master's report and dismissed the petition for lack of good faith.

Appellees rely upon the last-cited opinion in support of the order of the court below. Appellant relies upon In re Knickerbocker Hotel Company, 81 F.(2d) 981, 985 (C.C.A.7), decided by this court two weeks later.

■ Section 77B of the Bankruptcy Act as amended requires, in order that jurisdiction in bankruptcy may vest, that the petition be filed in good faith. The District Court is charged with the duty of ascertaining the existence or nonexistence of that fact. Whether it exists in any case depends upon the facts and circumstances presented. No one evidentiary fact can ordinarily be given paramount weight in deciding the question. If it is obvious that a debtor is attempting unreasonably to deter and harass creditors in their bona fide efforts to realize upon their securities, good faith does not exist. But if it is apparent that the purpose is not to delay or defeat creditors but rather to put an end to long delays, administrative expenses, statutory periods of redemption and unreasonable obstruction by minorities, incident too frequently, we are sorry to observe, to mortgage foreclosure, and to invoke the operation of the act in the spirit indicated by Congress in the legislation, namely, to attempt to effect a speedy efficient reorganization, upon a feasible basis, supported by more than two-thirds of all the creditors, good faith cannot be denied.

■ Here it appears that for three years foreclosure proceedings had been pending; that more than 66⅔ per cent. of the creditors had consented to the adoption of the plan for reorganization, offered not by debtor but by creditors. No one had objected to the plan; no creditor had intervened. The language of In re North Kenmore Bldg. Corp., supra, in this respect is most pertinent. There we said: "The fact that more than 82 per cent. of the bondholders, who are in fact the real owners of the property in question, have arrayed themselves in opposition to the proposed plan of this new corporation, also weighs heavily in the determination of the question of the good faith of the pe-

titioner." The converse is likewise true. If the fact that a majority of the creditors are opposed to the plan weighs heavily, then, just as truly, the fact that more than two-thirds of them favor it, is of material weight. Again in In re Knickerbocker Hotel Company, supra, we held that the fact that 98 per cent. of the owners of the corporate property were in accord with the plan of reorganization, was of weight in determining the good faith of the proceedings.

Here, after long delay in the state court, this corporation was organized, its voluntary petition filed, the debtor's plan for reorganization presented, a creditors' plan for reorganization filed and the accord of more than the statutory majority of creditors lodged with the court. From these facts, it is apparent that the petition was filed for the very purpose intended by Congress, namely, reorganization of the property in accord with the desires of two-thirds of the creditors.

■ It is urged that the fact that it seems probable that this corporation was organized for the purpose of filing a petition under section 77B is a bar to a finding of good faith. No court is justified in making this one fact, arbitrarily, the determinative factor of good faith. This court so held in Re Knickerbocker Hotel Co., supra, saying: "The statute does not limit its application to corporations in existence at the time of its passage and the failure to exclude after-organized corporations is in keeping with its general purpose. The mere fact that Knickerbocker was so recently incorporated will not alone, when viewed in the light of the attendant circumstances of this case, prevent it from invoking the provisions of section 77B."

It was proper for the court to consider the recent date of incorporation, but the question of good faith was not to be determined by reference to such fact alone. All of the evidence was properly before the court, and we agree with Judge Wilkerson in his original memorandum that the exceptions to the special master's report should have been sustained. It was not the intent of this court, in Re North Kenmore Building Corporation, supra, to fix as an arbitrary test of good faith the fact that the corporation had or had not been organized for the purpose of invoking jurisdiction. That such is the purpose does not necessarily vitiate a petition under

section 77B, nor does it always endow such a proceeding with a character negativing good faith. Congress, with the intent to relieve involved corporations, has provided a feasible method whereby under federal jurisdiction the objections of unreasonable minorities may be omitted, periods for redemption avoided and prompt reorganization · achieved upon affirmative vote of a majority of all the creditors. To invoke that jurisdiction and to guide one's steps with that purpose in mind is in accord with the statute and is not opposed to good faith as that term is used in the statute.

■ We are of the opinion, also, that appellees are not proper parties to object to the jurisdiction upon the question of good faith. Section 77B (a), 11 U.S.C.A. § 207(a), provides that objections in this respect may be made by "three or more creditors who have provable claims * * * which amount in the aggregate, in excess of the value of securities held by them, if any, to $1,000 or over." There is no provision for intervention upon this issue by bondholders' committee or trustee. No parties other than creditors are recognized by Congress as proper to be heard thereon. Subsection (c), 11 U.S.C.A. § 207(c), provides for the intervention of bondholders' committees, but only after the approval of the petition and then only in the sound discretion of the court and in subordination of and in recognition of the jurisdiction of the court. By the exclusion of all parties other than creditors, from the hearing on the question of good faith, Congress has eliminated the propriety of such objections by bondholders' committees.

The decree of the District Court is reversed, with directions to proceed in accordance with the views herein expressed.

BRIGGLE, District Judge (dissenting).

I think the order of the District Court should be affirmed. The property here involved was owned by an individual who instituted proceedings on May 2, 1934, for an extension or composition under section 74 of the Bankruptcy Act. Encountering difficulties which she was unable to overcome by reason of the provisions of this section, a corporation was formed at her instance on September 3, 1935, for the purpose of receiving title to the property and filing a proceeding for reorganization under section 77B, as amended (11 U.S.C.A. § 207). By a quitclaim deed bearing date August 3, 1935, but recorded on September 4, 1935, the debtor conveyed the property to the corporation and it in turn filed its petition on September 9, 1935, under section 77B, scheduling the first, second, and third mortgage indebtedness of the individual as its obligations and asserting its inability to pay the same. The corporation had no assets except the real estate so conveyed which was encumbered by the three separate mortgage liens, long in default and which had resulted in a decree of foreclosure in the state court. It is not disputed that the corporation was thus born into bankruptcy. It came into being overwhelmed with the debts of an individual which it neither expected nor had the ability to pay. Indeed, the record is devoid of proof of whether it even obligated itself to pay such indebtedness. Its admitted purpose for existence was reorganization upon which it embarked at the tender age of six days. It was not the creature of the creditors, whose bonds were in default, but was given life by the individual debtor aided by her husband.

Such facts strongly support the findings of the master and the District Court that good faith did not exist. That a plan of reorganization, later submitted and which has not yet been before the court for consideration, may have received the approval of two-thirds of the creditors should not be permitted to override such findings. Neither do I think it should be assumed that the delay since the institution of the foreclosure proceedings is chargeable to the creditors, but on the other hand, it seems fair to conclude that the delay since May 2, 1934, at least, was due to the filing of the original debtor's petition under section 74.

The District Court properly distinguished the North Kenmore and the Knickerbocker Cases (cited in the opinion of this court) and properly applied the North Kenmore Case to the facts of the instant case. The fact basis of the Knickerbocker Case was so wholly different from that of the instant case as to clearly distinguish it. The debt there under consideration was at all pertinent times a corporate debt and the property involved was corporate property. No individual was ever obligated for the debt and no individual ever had more than a naked legal title to the property which was held in trust for the bondholders. The facts of the North Kenmore Case are very similar to the facts of the present

case except that in the North Kenmore Case the plan had not gained approval of any substantial number of bondholders.

I know of no reported case which lends support to a finding of good faith on facts comparable to the instant case. The following decisions support a contrary view: Sherman v. Collins (C.C.A.) 75 F.(2d) 62; Shapiro v. Wilgus, 287 U.S. 348, 53 S.Ct. 142, 77 L.Ed. 355, 85 A.L.R. 128; In re Fullagar (D.C.) 8 F.Supp. 602; In re Francfair (D.C.) 13 F.Supp. 513; In re Philadelphia Rapid Transit Co. (D.C.) 8 F.Supp. 51; Wilson v. Philadelphia Rapid Transit Co., 73 F.(2d) 1022 (C.C.A.3d).