### In re LOUIS JOLIET GARAGE CORPORATION.

### BERINGER v. LOUIS JOLIET GARAGE CORPORATION (MORK et al., Interveners).
### No. 6628.

Circuit Court of Appeals, Seventh Circuit. Dec. 23, 1938.

Defrees, Buckingham, Jones & Hoffman, of Chicago, Ill. (Don Kenneth Jones, Vincent O'Brien, John Merrill Baker, and Tracy W. Buckingham, all of Chicago, Ill., of counsel), for George M. Lennon, trustee.

Meyer Abrams, of Chicago, Ill., for appellant.

Samuel E. Hirsch, Julian H. Levi, and Eugene H. Nirdlinger, all of Chicago, Ill., for appellee Louis Joliet Garage Corporation.

William Heise and Dorrance D. Snapp, both of Joliet, Ill., for appellee Bondholders' Protective Committee.

Before MAJOR, TREANOR, and KERNER, Circuit Judges.

MAJOR, Circuit Judge.

This is an appeal from an order entered April 15, 1938, in a corporate reorganization proceeding. Fred J. Walsh and Catherine E. Walsh, his wife, were indebted on their bonds in the principal amount of $120,000 secured by a trust deed executed by them and dated October 15, 1929, on property located at Joliet, Illinois, known as the Louis Joliet Garage. Default was made in the payment of the bond issue October 15, 1932, at which time there was due the principal sum of $116,000, plus certain interest. A suit for foreclosure was filed by the mortgage trustee in the state court October 22, 1934. At the time of the initiation of the reorganization proceeding, William Beringer, the appellant herein, was acting as receiver in the foreclosure proceeding, and as such, was managing and operating said property.

On January 25, 1938, an agreement was entered into between such mortgagors and a bondholders' committee, which recited defaults in the bond issue, the foreclosure proceedings then pending and the advantages to the parties of a reorganization under Section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207. It was agreed that the committee would create a corporation under the name of Louis Joliet Garage Corporation, to which the title to the property was to be conveyed. It was also agreed that any plan of reorganization should include the provision that the debtors be released from their personal obligation, and the bond issue satisfied. It was also provided that in the event a plan of reorganization was not completed on or before July 1, 1938, that the title to the property, upon the demand of the mortgagors, be reconveyed to them. The plan proposed by the debtor, however, to which Fred J. Walsh and Catherine E. Walsh agreed contained no such provision. At that time the bondholders' committee had on deposit, bonds in the principal amount of $112,500, leaving outstanding in principal, bonds in the amount of $3500.

The corporation was organized and on the following day, January 26, 1938, a voluntary petition was filed by the newly organized corporation for relief under Section 77B. On the following day, the bondholders' committee was granted leave to intervene, and in their petition of intervention agreed with the corporation that a reorganization should be had. On February 1, 1938, three of the bondholders, as creditors, filed an answer to the debtor's petition attacking the good faith of the proceeding. The issue thus made was referred to a Master-in-Chancery, who recommended the approval of the petition as filed in good faith, which recommendation was approved by the court. On the same day George M. Lennon, one of the appellees, was appointed temporary trustee. This order also contained a direction to William Beringer, Receiver in the foreclosure proceedings, to deliver to the trustee, all of the mortgaged property in his control and possession. After some controversy between the trustee and receiver, the latter complied with this order, and on April 15, 1938, filed his petition, referred to as a turnover petition, praying that the temporary trustee be directed to relinquish possession of such property and return it to the receiver on the grounds that the property had been delivered to the temporary trustee under protest, and without authority of law. This petition was denied by an order of the court of April 15, 1938, being the order appealed from.

Many questions are raised upon this appeal which are not properly before us. Much is said concerning the order of the court finding that the petition for reorganization was filed in good faith and also the order directing the temporary trustee in the reorganization proceedings to take control of the mortgaged property in the hands of the state court receiver. It is argued that these orders are before the court on account of an appeal which was taken in a cause referred to as No. 6612. In that case an appeal was filed in this court under date of July 20, 1938, in which the appellants were two of the bondholders who had

filed an answer attacking the good faith of the reorganization proceedings. It is apparent that one of the parties to that answer, either at the conclusion or during the course of the hearing before the Master, had withdrawn and joined the bondholders' committee in asking an approval of the proposed plan. An order was entered by this court May 16, 1938 in No. 6612 granting leave to William Beringer, receiver, to appear in that case as an additional petitioner. It is on account of leave thus granted that appellant contends it is entitled here to rely upon the errors assigned by appellants in No. 6612, and thus attack the orders of the court entered prior to the one from which the appeal is taken in the instant case. There might be some merit to this contention except for the fact that under date of September 8, 1938, there was filed in this court a stipulation by counsel for the parties in No. 6612 that the appeal in that case be dismissed, and pursuant to such stipulation, an order was entered October 3, 1938, dismissing the appeal in No. 6612. Under this state of the record we are satisfied that no question raised in that case can properly be considered in the instant case.

As to whether a corporation may be organized for the express purpose of seeking the benefits of 77B is a question about which there has been controversy. Under some circumstances, such action has been approved by this court. In re Loeb Apartments, Inc., 7 Cir., 89 F.2d 461; In re Knickerbocker Hotel Co., 7 Cir., 81 F.2d 981. We see no occasion for our discussing or deciding the propriety of such action, however, in the instant case, as the question is not properly before us. The proceeding in this respect is not subject to collateral attack. In re Park Beach Hotel Bldg. Corporation, 7 Cir., 96 F.2d 886. Another error argued by appellant is the order of March 24, 1938, in which the temporary trustee was directed to take control of the mortgaged property from the state court receiver. Here again is a question concerning which there has been much controversy, but the order was not appealed from, and is not before us. Likewise, there is no occasion for us to discuss or decide it.

At the time of the entry of the order of April 15, 1938, from which the appeal was taken, the property was in the possession and control of the temporary trustee and under the authority of In re 188 West Randolph Street Bldg. Corporation, 7 Cir.,

88 F.2d 257, we conclude that order was properly entered.

Order affirmed.