### In re SUBURBAN PROPERTIES, Inc.
### ERICKSON v. YOUNG et al.
### No. 7070.

Circuit Court of Appeals, Seventh Circuit.
March 2, 1940.

Rehearing Denied March 26, 1940.

Edward G. Berglund and G. Donald Whitehouse, both of Chicago, Ill., for appellant.

Benjamin Wham, of Chicago, Ill., for appellees.

Before EVANS, MAJOR, and KERNER, Circuit Judges.

KERNER, Circuit Judge.

This is an appeal from an order of the District Court approving the petition of the debtor, Suburban Properties Inc., in a proceeding under Chapter X of the Bankruptcy Act. 11 U.S.C. § 541, 11 U.S.C.A. § 541. Appellant Gertrude Erickson, the contesting creditor, contends that the petition does not comply with Chapter X. 11 U.S.C. §§ 530, 546, 11 U.S.C.A. §§ 530, 546.

Around 1926, the Robertson Bond and Mortgage Company sold the real estate bonds in question to the public. These bonds were secured by mortgages on the four pieces of real estate which in the main constitute the assets of the corporate debtor in this case. The real estate was suburban property, improved by the addition of a dwelling house or store building.

The house of issue, Robertson Bond and Mortgage Company, was governed by its officers John R. Robertson, Douglas B. Robertson and Tom L. Brown; the owner of the mortgaged property and one or the other of these officers were the obligors on the mortgage bonds. During the years that followed, title to the mortgaged property remained in these officers or their controlled transferees, namely, John R. Robertson Company, Lands and Homes, Inc., and various members of their families.

In 1931, the mortgage obligors defaulted in the payment of interest and principal, taxes and special assessments accrued but remained unpaid, and rental values decreased. In the meantime, four foreclosure suits were commenced and each dismissed for lack of prosecution. Then, in 1936, John R. Robertson conveyed one of the properties, hereafter called the Doran property, to one

Henry Jeffries free of the mortgage, for $3,100 and on an installment sale basis.

In December of 1937, appellant Gertrude Erickson paid $650 or twenty cents on the dollar for four of the mortgage bonds in question, and early in 1938 started foreclosure suits in an Illinois state court. Receivers were appointed for the Lands and Homes, Brown and Robertson properties, and an order was entered as to the Doran property requiring Henry Jeffries to pay $25 per month to the clerk of the state court.[1] In the Doran foreclosure, Jeffries filed a mechanic's lien for improvements, on the theory that the installment sale was void.

The mortgage obligees who held $20,000 of the bonds, hereafter referred to as the petitioning creditors, were represented by counsel in these foreclosure suits. It appears from the record here on appeal that both the attorney for the obligors and the attorney for the petitioning creditors filed answers joining in the prayer for foreclosure. In addition, the attorney for the petitioning creditors also represented the obligor or the nominal holder of the legal title in the Doran foreclosure.

At any rate, these matters were referred to special masters, and by June 7, 1939, two masters had made reports but as yet no action had been taken by the state court. On that date the mortgage obligors, the holders of the legal title, organized the Suburban Properties, Inc., the present corporate debtor, and to it was conveyed the real estate and pertaining liabilities. The law firm of which the attorney for the petitioning creditors is a member, filed the application of the obligors for incorporation of Suburban Properties, Inc.

On the next day, June 8, 1939, the attorney who represented the petitioning creditors in the pending foreclosure suits, filed the Chapter X petition in their behalf. In its answer the corporate debtor surrendered its equity in the properties, and in her answer the appellant contended that the petitioning creditors had not complied with Chapter X, 11 U.S.C.A. § 101 et seq., 11 U.S.C.A. § 501 et seq.

On June 9, 1939, the Robertson Bond and Mortgage Company wrote letters to the above petitioning creditors and urged them to authorize their attorney in the fore-

---

[1] The four foreclosure suits were named as follows: No. 38C 297. Gertrude Erickson v. Lands and Homes, Inc.; No. 38C 298. Gertrude Erickson v. Brown; No. 38C 1396. Gertrude Erickson v. Robertson; No. 38C 2626. Gertrude Erickson v. Doran.

closure suits to file the above Chapter X petition, enclosing for their approval a power of attorney dated June 5, 1939. Two of the creditors, Albert Mahowski (Alfred Mahasky) and Evangeline Olson who held $1,000 worth of the bonds, failed to give him the requested authority.

On June 21, 1939, the District Court in its order approved the petition as in compliance with Chapter X. Before counsel the court expressed the likelihood of better results under Chapter X as contrasted with results obtainable in other forums. We fail to appreciate the strength of this expression in face of the scarcity of facts. Nowhere in the record before this court is there the story of the debtor's financial condition, its need for reorganization, and the possibility of effecting the same. In this regard the petition is lacking completely.

■ It is elementary that the petition must set forth the essential facts. Manati Sugar Co. v. Mock, 2 Cir., 75 F.2d 284. Especially is the court interested in the financial history and structure of the corporate debtor. Hickey v. Ritz-Carlton Restaurant & Hotel Co., 3 Cir., 96 F.2d 748, 751; In re 1688 Milwaukee Corporation, 7 Cir., 99 F.2d 686. Yet, what little we know about the debtor's affairs is obtained largely through the answer of the contesting creditor,[2] which was condemned by counsel for petitioning creditors as "unnecessarily long."

■ We think that the petition in the instant case is insufficient to comply with the requirements of Chapter X. In so thinking we are not unmindful of the weight which we attach to the decisions of the lower court in matters of this kind. Nor have we overlooked the fact that the contesting creditor is owner of bonds in a comparatively small amount. Our conviction is based on the story as revealed by the record on appeal, as well as on the story not disclosed sufficiently therein.

On the other hand, we have not adhered unduly to any particular fact, e. g., the recent date of incorporation, or the fact that at the time of filing this creditors' petition counsel was not in reality authorized by the creditors. See In re North Kenmore Bldg., 7 Cir., 81 F.2d 656; In re Knickerbocker Hotel, 7 Cir., 81 F.2d 981; In re Loeb Apartments, 7 Cir., 89 F.2d 461; Shapiro v. Wilgus, 287 U.S. 348, 53 S.Ct. 142, 77 L.Ed. 355, 85 A.L.R. 128. Yet these are some of the circumstances and there are others, as the statement of facts above shows.

■ One thing more occurs to us. In determining whether the petition is filed in good faith, the fact that there is a state court foreclosure suit pending which has proceeded far on its way toward final adjudication might well be considered.

Reversed.

---

[2] In general, the record on appeal is not clear. However, the following financial information concerning the properties (see footnote 1) is obtainable:

No. 38C 297. Lands and Homes Property. Bonds—$3,000.
Dwelling home: assessed value 1938—$837.
Taxes: unpaid—$339; penalties—$128.59; levied in 1938—$63.20.
Rental: during 1938 receivership $300 per year.

No. 38C 298. Brown Property. Bonds —$9,000.
Store building: assessed value 1938—$1929.
Taxes: unpaid—$923.40; penalties—$633.97; levied in 1938—$145.64.
Rental: during 1938 receivership $1800. per year.

No. 38C 1396. Robertson Property. Bonds—$7,500.
Store building.
Taxes: Unpaid and penalties—$1152.76; assessments — $154.45; levied in 1937—$88.76.
Rental: during 1938 receivership $330 per year.

No. 38C 2626. Doran Property. Bonds —$2,500.
Dwelling home: assessed value 1938—$785; Jeffries conditional sale price 1936—$3100.
Taxes: unpaid—$579.25; penalties—$462.72; levied in 1938—$59.28.
Rental: during 1938 foreclosure $300 per year.