In re Bruce J. ARNOLD & Nancy Arnold, husband and wife; Dennie K. Arnold & Janet Arnold, husband and wife, Debtors.

STATE OF IDAHO, DEPT. OF LANDS, Appellee,

v.

Bruce J. ARNOLD & Nancy Arnold, husband and wife; Dennie K. Arnold & Janet Arnold, husband and wife, Appellants.

No. 86–3616.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 4, 1986.

Decided Dec. 19, 1986.

938

Rinda Ray Just, Deputy Atty. Gen., Dept. of Parks & Recreation, Clive J. Strong, Deputy Atty. Gen., Natural Resources Division, Boise, Idaho, for appellee.

Ken L. Perkes, Rigby, Thatcher, Andrus, Rigby & Perkes, Rexburg, Idaho, for appellants.

Before BROWNING, WRIGHT, and BOOCHEVER, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge.

This case concerns a bankruptcy dispute in which the creditor asked the district court to lift an automatic stay in order that it may execute its security interest. The district court granted this request. We now reverse.

FACTS

In November 1982, the Idaho Department of Lands sold three parcels of public property to several buyers. The buyers paid ten percent down and executed land contracts for payment of the balance. Idaho retained title.

These buyers later assigned their interests in the parcels to the debtors in possession, the Arnolds. Soon after acquiring the land, the Arnolds encountered financial difficulties and, like the original buyers, failed to make payments on the purchase contracts. In January 1984, the Arnolds filed a Chapter 11 petition in bankruptcy.

They have continued to farm the parcels while negotiating with their creditors a reorganization of the bankruptcy estate's assets. They proposed to their creditors a reorganization plan that included payment of $280,000 for the land. Idaho dissented, claiming that, because these parcels were public school endowment lands, state and federal law required that it receive the contract purchase price of $310,000. Idaho unsuccessfully moved the bankruptcy court to remove the automatic bankruptcy stay that prevented foreclosure. Idaho appealed this denial to the district court, where it obtained relief. The Arnolds now appeal the district court's removal of the automatic stay.

DISCUSSION

*Standard of Review*

We review this appeal under the same standard as that used by the district court: abuse of discretion by the bankruptcy judge. *MacDonald v. MacDonald*, 755 F.2d 715, 716 (9th Cir.1985).

### The Automatic Stay

Under the Bankruptcy Code, when a debtor files his petition for bankruptcy, he receives the benefit of an automatic stay that is imposed on his creditors, 11 U.S.C. § 362(a) (1982), preventing them from proceeding to collect on their claims. S.Rep. No. 95–989 to accompany S. 2266, 95th Cong., 2d Sess. (1978) at 54, U.S.Code Cong. & Admin.News 1978, pp. 5787, 5840. Under Chapter 11, the stay is also intended to give the debtor time to reorganize his assets in order to rehabilitate his business. Weintraub, *Bankruptcy Law Manual* ¶ 8.10 at 8–19 (1980).

In certain cases, however, the stay may work an inequity on creditors. If so, the creditor may obtain relief from the stay under 11 U.S.C. § 362(d) (1982). Such relief is granted (1) for cause, including lack of adequate protection of a creditor's security interest in collateral; or (2) when the debtor has no equity in the collateral and the collateral will not help the debtor to reorganize effectively or rehabilitate his business. 11 U.S.C. § 362(d)(1), (2). The debtor's lack of good faith in filing a bankruptcy petition has often been used as cause for removing the automatic stay. *See, e.g., In re Kemble*, 776 F.2d 802, 807 (9th Cir.1985) (debtor's dilatory behavior a proper consideration in lifting stay); *Matter of Littlecreek Development Co.*, 779 F.2d 1068, 1071 (5th Cir.1986) (lack of good faith constitutes "cause" for lifting stay).

The existence of good faith depends on an amalgam of factors and not upon a specific fact. *Matter of Littlecreek Development Co.*, 779 F.2d at 1072. The bankruptcy court should examine the debtor's financial status, motives, and the local economic environment. *Id.* Said a Ninth Circuit bankruptcy panel:

> If it is obvious that a debtor is attempting unreasonably to deter and harass creditors in their bona fide efforts to realize upon their securities, good faith does not exist. But if it is apparent that the purpose is not to delay or defeat creditors but rather to put an end to long delays, administration expenses ... to

mortgage foreclosures, and to invoke the operation of the [bankruptcy law] in the spirit indicated by Congress in the legislation, namely, to attempt to effect a speedy efficient reorganization, on a feasible basis ... good faith cannot be denied.

*In re Thirtieth Place, Inc.*, 30 B.R. 503, 505 (Bankr.App. 9th Cir.1983) (quoting *In re Loeb Apartments, Inc.*, 89 F.2d 461, 463 (7th Cir.1937)).

Good faith is lacking only when the debtor's actions are a clear abuse of the bankruptcy process. *See id.* Here, there is no abuse of the bankruptcy process. The Arnolds have used the land productively to repay creditors while the stay is in place. There is no showing of bad faith.

■ Notwithstanding the district court's order, Idaho argues that cause for removing the stay exists on other grounds. It says that the parcels are public school endowment lands and, as such, are specially protected by state and federal laws requiring the parcels be sold only under certain conditions. These require that the deed to these parcels be conveyed only after the original purchase price has been fully paid.

This argument is specious. The statutes cited by Idaho do not proscribe changing the terms of payment for public school endowment lands. Moreover, the Idaho statutes do not mention federal bankruptcy laws and could not, under the supremacy clause, override them, U.S. Const. art. VI, cl. 2. The stay should not be lifted.

### The Reorganization Plan

The district court expressed dissatisfaction with the reorganization plan, which was confirmed by the bankruptcy court, because it provided Idaho with far less than the original purchase price of the land.

The requirements for confirming a reorganization plan are specified by 11 U.S.C. § 1129 (1982). This section provides, *inter alia*, the following: *First*, each claim-holder must approve the plan, or in lieu thereof,

each must receive no less than the amount he would receive under Chapter 7 of the Bankruptcy Code.[1] 11 U.S.C. § 1129(a)(7)(A)(i), (ii). *Second*, each *impaired* claim-holder must approve the plan, *see* 11 U.S.C. § 1129(a)(8), or in lieu thereof, the plan must not discriminate unfairly with regard to dissenting impaired claim-holders. *See* 11 U.S.C. § 1129(b)(1).

If the plan treats the claims of dissenting impaired claim-holders fairly and equitably, it may be confirmed notwithstanding the impaired claim-holder's refusal to accept the plan. *See* 11 U.S.C. § 1129(b)(1), (2). This is indelicately known as the "cram-down" provision.[2]

The "cram-down" provides three ways in which this "fair and equitable" standard may be met with regard to secured claim-holders. Among these is the provision that secured claim-holders retain their liens on the debtor's property and receive for their claims deferred cash payments totaling no less than the value of their liens. 11 U.S.C. § 1129(b)(2)(A)(i).[3]

■ Here, the value of Idaho's liens was $280,000, the current appraised values of the parcels. This is the amount to which Idaho is entitled under the "cram-down." Although this is far less than the original purchase price, the Bankruptcy Code allows it.

CONCLUSION

The Arnolds have complied with the requirements of Chapter 11 of the Bankruptcy Code, and there is no basis in the record for removing the automatic stay. The district court erred in doing so.

REVERSED.

1. Chapter 7 provides for complete liquidation of the debtor's assets. Therefore, under 11 U.S.C. § 1129(a)(7)(A)(ii), a secured creditor is entitled to at least the liquidation value of his security interest as of the effective date of the reorganization plan.

2. Even under the "cram-down," however, at least one class of impaired claim-holders must accept the plan. 11 U.S.C. § 1129(a)(10). This requirement has been met here.

3. The election under 11 U.S.C. § 1111(b) does not apply in this case.