### In re HALBERT.
### No. 5632.

District Court, Western District Louisiana, Monroe Division.

April 4, 1938.

Geo. Wesley Smith, of Monroe, La., for the debtor.

Harold Moses, of New Orleans, La., for Federal Land Bank.

C. T. Munholland, of Monroe, La., Supervising Conciliation Commissioner for the Western Dist. of Louisiana.

DAWKINS, District Judge.

After careful consideration of the record in the above case and the report of the Supervising Conciliation Commissioner, on the motion of the Federal Land Bank to dismiss the proceeding, I am convinced that the recommendation of the Commissioner is correct and for the reasons stated by him, it should not be dismissed.

The report is approved and adopted as the conclusion and finding of the court, as follows:

"Federal Land Bank of New Orleans moves to dismiss this proceeding for the alleged reason that the debtor purchased the property covered by the mortgage of Federal Land Bank on February 8, 1936 for the purpose of availing himself of the benefits of Section 75 of the Bankruptcy Act as amended [11 U.S.C.A. § 203]. Applicant further alleges that prior to the date of purchase that the debtor had mortgaged the property to it.

"An abstract of title of the property on which Federal Land Bank holds its mortgage was made part of the record by stipulation of counsel and covering a period from January 9, 1920 to and including February 8, 1936, which abstract reflects that two hundred eighty acres of land was purchased by the debtor H. W. Halbert and W. G. Halbert, brother of the debtor, from Dave Burk on January 9, 1920; that on November 21, 1923 T. E. Speight purchased the property at Sheriff's sale under foreclosure proceedings in a suit of Dave Burk against H. W. and W. G. Halbert whereunder a mortgage securing the purchase price of the property was foreclosed; that on February 11th, 1924 T. E. Speight sold the property to J. X. Halbert, father of the debtor H. W. Halbert and W. G. Halbert; that the debtor with six brothers and sisters inherited a 1/14th interest in the property after the death of their Mother and their father, J.

X. Halbert was recognized as owner of ½ of the property and as usufructuary of the half inherited by the children and judgment recognizing the respective interests and sending the heirs into possession by the Fifth Judicial District Court on December 14, 1926; thereafter and by several deeds the debtor and his six brothers and sisters conveyed their interest in the property to their father, J. X. Halbert; that on September 20, 1929 the property was sold under foreclosure proceedings against J. X. Halbert to T. E. Speight; that on November 9th, 1929 T. E. Speight reconveyed the property to J. X. Halbert; that on December 20, 1933, J. X. Halbert sold the property to W. G. Halbert, the consideration being the assumption of a debt of $7500.00 payable to Federal Land Bank of New Orleans and in addition the assumption by W. G. Halbert of a note of J. X. Halbert for $1000.-00; that on February 8, 1936 W. G. Halbert sold the property to the debtor, H. W. Halbert, for the recited consideration of the assumption by H. W. Halbert of the mortgage indebtedness due Federal Land Bank of New Orleans, and the $1000.00 note theretofore executed by J. X. Halbert and assumed by W. G. Halbert.

"It appears that the indebtedness of Federal Land Bank of New Orleans was incurred on December 9th, 1921, and was for the principal sum of $7500.00 represented by a note for said amount executed in favor of Federal Land Bank of New Orleans by Walter G. Halbert and the debtor, Henry W. Halbert and due in annual installments as set forth in said note. The mortgage was executed during the time the property was owned by W. G. Halbert and H. W. Halbert and at no time was H. W. Halbert, the debtor, released from the indebtedness.

"The record unquestionably shows that the debtor purchased the property on February 8th, 1936, knowing that there was an impending foreclosure by Federal Land Bank of New Orleans and in my opinion the evidence supports the contention that the debtor purchased the property with the intention of availing himself of the benefits of Section 75 of Bankruptcy Act as amended. The evidence further shows that the debtor had not been released from his obligation to Federal Land Bank of New Orleans which was incurred on December 9th, 1921, and further shows that he is a farmer and cultivates property adjoining the property on which the Federal Land Bank holds its mortgage.

"Furthermore the evidence shows that the debtor had had active management of the property for a period of three years prior to date of his purchase.

"I find as a fact that the debtor purchased the property on February 8th, 1936 knowing that there was pending a foreclosure by Federal Land Bank of New Orleans and that he intended at said time to avail himself of the benefits of Section 75 of the Bankruptcy Act. However, I find that the debtor was bound under the mortgage indebtedness to Federal Land Bank of New Orleans and his intention in purchasing the property was to protect himself in the impending foreclosure and that his course of action was not in bad faith.

"Federal Land Bank cites in support of its position the case in re Fullagar, D.C., 8 F.Supp. 602, which clearly holds that a purchase for the purpose of availing the purchaser debtor of the benefits of Section 75 does not entitle such a purchaser to such benefits. The case cited is readily distinguishable from the case presently under consideration for the very apparent reason that H. W. Halbert, debtor, was primarily obligated under the mortgage indebtedness due Federal Land Bank of New Orleans and in addition was a farmer prior to the time that he made the purchase of the property.

"I conclude that under the foregoing circumstances the debtor should be permitted to conduct his proceeding under Section 75 of the Bankruptcy Act and that the application of Federal Land Bank to dismiss the proceeding should be denied."

The debtor is primarily liable on the indebtedness and if there should be a deficiency, after applying the mortgaged property to the satisfaction of the bank's claim, it could be asserted against him and the other farming operations which he conducts. There is no dispute but that he is a farmer within the meaning of the statute.

Proper decree should be presented.