In re WILLIAMS.

No. 6380.

District Court, W. D. Louisiana, Shreveport Division.

April 27, 1942.

Goodwyn H. Harris, of Mansfield, La., for bankrupt.

L. E. Colvin, of Mansfield, La., for Federal Deposit Ins. Corporation.

DAWKINS, District Judge.

This is a proceeding under Section 75 of the Bankruptcy Law, 11 U.S.C.A. § 203, which a creditor, the Federal Deposit Insurance Corporation, has moved to dismiss for the reason, as it contends, the debtor, is not a farmer within the meaning of that section.

The facts as found by the Supervising Conciliation Commissioner are supported by the record and are adopted as follows:

"The record reflects that in October, 1939, the debtor owned the farm property which is subject to controversy in this proceeding in indivision with his coheirs who were brothers and sisters or their descendants, the interest of the debtor at that time being an undivided 1/18th interest. About the middle of October, 1939, the debtor began acquiring the undivided interests of his coheirs. There are filed in evidence deeds whereunder all of the outstanding interests except two were acquired by the debtor. From the acknowledgment on the two deeds which are made part hereof by reference, it would appear that from October 18, 1939, to November 8, 1939, the debtor at various intervals acquired at least ten of the outstanding interests. The final date of acquisition was March 25, 1941, when two outstanding interests were acquired. The deed was filed for record on March 25th, 1941. The order allowing filing of this proceeding was signed on March 26, 1941.

"The deed recites that the consideration for the transfer is the assumption of the mortgage balance due on the property and 'other valuable considerations'. The mortgage referred to is that of the Federal Deposit Insurance Corporation which is recognized in the judgment of December 3, 1940, the judgment being against the various coheirs of the debtor and as aforesaid amounting to upward of $10,000.00.

"The only other indebtedness of the debtor consists of taxes due against said property of $167.00 due his brother-in-law, W. O. Sloan, on the purchase price of a one-half ton truck which the debtor testified he uses in connection with his work in supervising his farm.

"The record reflects that the total income from the property for the year 1940 was $195.40 proceeds from sale of debtor's one-fourth interest in fifteen bales of cotton, and $48.53 government benefits. Additional revenues for that year are $20.00 received from work as a carpenter and $708.00 received from sale of live stock. The live stock sale,

however, is clearly not a recurring item and would appear to have been sale of a capital asset and should not be treated as income, thereby leaving the income received by the debtor for that year, which is the only year listed, at $263.93 which was the only income reflected in the record.

"The record further reflects that the debtor with his family lives in Shreveport, Louisiana, where his children attend public school; that he intermittently goes to the farm property from Shreveport in order to supervise the tenants working thereon who during the year 1940 were strictly on a rental basis of one-fourth of cotton and one-third of other crops produced on the farm; that occasionally he has spent several days on the farm property but usually when he stays overnight he goes to the home of his sister, Mrs. Hoell, which is in the vicinity of the farm.

"The debtor specifically denied any other source of income and admitted that except for supervisory work that he performed no labors on the farm property but intended to do so in the future. There is not testimony or evidence in the record which shows that the debtor is engaged in any pursuits or has any income other than on or from the farm."

■ From this it appears that although the debtor did not own the entire interest in the property, and has some understanding with his co-owners as to their interest therein, when and if the indebtedness thereon is settled, it is he who has conducted the farming operations. It is true that he and his family live in Shreveport, but he carries on the operations, through tenants, and devotes approximately one-half his time to supervising the work. He has no other business and is dependent upon the farming operations for his living. The case I think falls within the ruling in Williams v. Great Southern Life Insurance Company, 5 Cir., 124 F.2d 38.

■■ The F. D. I. C. also charges bad faith, because the debtor acquired most of the interest of the other heirs during the fall of 1939, and that of two of them just before filing his petition; and further, because he has some understanding with them to return or reimburse them for their interests. However, as said by the Commissioner in his report, the crucial test is as to whether the debtor was primarily engaged in farming, and if so, his right to resort to the bankruptcy court is not dependent upon the nature of his title in the real property. Of course, he could not, through a proceeding such as this or as a tenant upon the property in which he had no interest, simply because he was a farmer, prevent a foreclosure. The law will protect only the property and rights which he owned and possessed in carrying on his farming operations. But where, as here, he was a joint owner, with other heirs, of the farm, whose interests he had acquired prior to the beginning of the foreclosure proceedings, and upon which he had been farming for some two years, I think he is entitled to the benefits of the statute. See In re Halbert, D.C., 24 F.Supp. 141.

In brief, counsel for the F. D. I. C. argues that the debtor could not possibly pay the expenses of himself and family living in the city of Shreveport out of the revenues from the farm, and for this reason he must have some other business from which he receives the major portion of his income. However, the only evidence before the court is that he has no other business, and that he realized from the sale of his oil properties in 1928 a considerable sum of money, which he has used to supplement his earnings from the farm.

The motion to dismiss should be denied.

Proper decree should be presented.